[No. 200. Decided January 6, 1892.]

ANNIE L. DROWN, *Appellant*, v. LAURON INGELS, LYDIA
E. INGELS AND C. C. CALKINS, *Respondents.*

VENDOR AND VENDEE—TIME OF PERFORMANCE—FORFEITURE—FINDINGS
OF COURT.

The finding of a trial court will not be disturbed where the testimony is conflicting, and there is evidence to support the finding.

Under a contract for the conveyance of land, of which time is the essence, requiring the payment of $150 in three months and $150 in six months, and in event of failure thereof, declaring all moneys paid thereunder forfeited, the fact that the vendor extended the time of payment to a certain day, on the vendee's failure to meet the first payment, upon the consideration that $200 be paid in full for the land on that day, does not waive any of the conditions of the original contract.

Where there is an absolute agreement on the part of the vendee that, if payment is not made at the exact time stipulated, all rights under the contract shall be forfeited, a court of equity, as well as one of law, is bound to enforce the contract as it finds it.

*Appeal from Superior Court King County.*

The facts of the case are stated in the opinion.

*Wiley, Hale & Scott,* and *Thompson, Edsen & Humphries,*
for appellant.

*J. C. Haines* (*L. B. Stedman,* of counsel), for respondents.

The opinion of the court was delivered by

HOYT, J.—This action was brought to secure the specific performance of a certain contract for the sale of real estate made by said Lauron Ingels to said Annie L. Drown. Time was made the essence of said contract, by the use of language substantially as follows:

"As time was and is made the essence of the contract of sale of said lot, the failure to make any payment thereon

as the same becomes due shall work an absolute forfeiture of all payments made on said contract, and shall release the vendor from all obligation to convey said property under said contract."

A present payment of $100 was made, and two deferred payments each of $150 were provided for in said contract. On the day that the first of such deferred payments became due, the plaintiff stated to defendant Lauron Ingels that she was unable to meet the same at that time; and such negotiations were had between the parties that it was agreed that, if the sum of $200 was paid by noon of the following Saturday, it would be accepted in full payment of the amount due and to become due on said contract, and that upon such payment being made at that time a deed would be executed to said plaintiff. The money was not paid or tendered to the defendant at the time named, whereupon, on the Monday or Tuesday following, the defendants Lauron Ingels and Lydia E. Ingels, his wife, duly conveyed the property to the defendant C. C. Calkins, who, as such purchaser, was made a party defendant in the action.

It is not claimed on the part of the plaintiff that any tender of the amount agreed upon to be paid was made until some days after such conveyance to defendant Calkins; but it is contended that under the proofs the court should have found that the plaintiff made a *bona fi·le* effort to make the payment on the Saturday named at the time and place where she understood it was stipulated to be paid, but that defendant Ingels was not there to receive payment as stipulated. On the other hand, the proof introduced on the part of defendants tended to show that said Ingels was present at the place where payment was to be made as he understood it, not only at the hour on said day at which it was agreed that such payment should be made, but during nearly the entire day. The testimony in regard to the place of payment as understood by the parties to the contract

was conflicting. Defendant Ingels insisted that the place of payment was his office in the Llewellyn-Dodge building, and the plaintiff insisted it was in the *Morning Journal* office, in the same building. If there was a *bona fide* mistake on the part of plaintiff as to the place of payment, and she was ready to make payment where she understood it should be made at the time agreed upon, we are of the opinion that her rights could not be forfeited by reason of such mistake; but the court below must have found that not only was the place of payment the office of said Ingels, as testified by him, but that from the nature of the conversation and the place where it occurred at the time payment was extended until said Saturday, it was impossible that plaintiff could have been under any misapprehension as to such place of payment, and that for that reason her testimony as to being ready to make payment at the time named in another office in the same building was untrue, and a mere subterfuge by which she sought to avoid the effect of her non-payment at the time agreed upon. We think the testimony taken as a whole warranted the court in coming to such conclusion, and if it did, such finding of the court upon that question, together with the other findings in connection therewith warranted by the evidence, made it proper that the court should adjudge the law of the case as it did, if the conditions of the written contract above quoted remained in force under said extended time of payment.

It is, however, strenuously argued on the part of appellant, that the negotiations at the time of the extension of the time of payment constituted an entirely new contract, and that time was in no sense of the essence thereof. With this contention we are unable to agree. The intention of the parties must always be given force, and when we take into consideration all the circumstances surrounding the parties at the time of this transaction, we cannot for a moment think that there was an intention on the part of de-

fendent Ingels, when making this contract, or extending the old one, to waive any of the conditions inserted in said old contract for his protection. By the terms of the extension he deducted from the total balance of purchase price due one-third thereof, and agreed to accept in full payment for the land that much less than he would have been entitled to by the terms of said contract; and it is clear that one of the main considerations for such deduction was the prompt payment at the exact time named, and to hold that, instead of having made it certain that he would either receive the sum named on that day or be entitled to a forfeiture of the contract, he had waived the element of time which was theretofore incorporated therein, and made it possible for the other party to very much postpone such payment and at the same time preserve her rights thereunder, would not be reasonable. We think the extension above stated was made subject to all the conditions of the written contract existing between the parties, excepting so far as they were expressly modified by the agreement then entered into. The above provision as to time, and forfeiture for want of strict compliance therewith, was in force, and, under it and the facts found by the court below, we think defendants were absolved of their duty to convey to plaintiff according to the terms of said contract.

It is doubtless true that many courts have held that, even where time is of the essence of a contract, forfeiture will not be decreed without a demand upon the opposite party, or some action equivalent to such demand, unless, by the terms of the contract, termination of the rights of the contractee thereunder will also terminate the rights of the contractor; but we see no reason why a court should not enforce the contract of parties as they have made it, and where, as in this case, there is an absolute agreement on the part of the contractee that if payment is not made at the exact time stipulated therefor, all her rights thereunder

shall be forfeited, there is no sufficient reason why such stipulation should not be given force. The hardship of any case will not justify a court in setting aside the solemn agreement of parties. Of course, if there is any allegation and proof tending to show fraud or undue influence in the making of such a contract, the court may, and will in proper cases, interfere to save one or the other of the parties from the effects of the contract; but without such or similar allegations, a court of equity is as much bound to enforce the contract of the parties as it finds it as is a court of law.

The judgment of the court below must be affirmed.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.