[No. 597.  Decided July 6, 1892.]

MARY C. CUNNINGHAM, *Appellant,* v. J. R. DUNCAN, *et al., Respondents.*

SPECIFIC PERFORMANCE—PERSONAL JUDGMENT.

Where plaintiff, in an action for specific performance of a contract to convey real estate, was unaware, at the time of commencing the action, of the inability of the defendants to convey, and the suit was commenced by her in good faith, she is entitled to a judgment for the money paid on the contract.

*Appeal from Superior Court, Spokane County.*

Action by Mary C. Cunningham against J. R. Duncan, Sarah E. Duncan, C. S. Boyer, W. C. Sivyer, Alonzo M. Murphey and wife and R. G. Tabor and wife for specific performance of a contract to convey real estate and for alternative relief.

On the 23d day of October, 1890, the plaintiff entered into a contract with the defendants J. R. and Sarah E. Duncan for the purchase of certain real estate, and an agreement and deed to the property were made and placed in escrow with the defendants, C. S. Boyer and W. C. Sivyer, to be delivered by them to plaintiff when she had complied with the escrow agreement.  At the date of the execution of the deed plaintiff paid Duncan and wife $400 and assumed the payment of a mortgage for $300 on the property.  The agreement provided for the payment of $700 more within thirty days, or if not then paid, $800 if

paid on or before January 1, 1891, and in case plaintiff was not able to pay cash then, the balance was to be secured by mortgage on the property. Shortly after the execution of the agreement plaintiff made a further payment of $200. On January 1st plaintiff was not able to pay the balance of the purchase price, and the Duncans, on or about February 10, sold the property for $950 to the defendant Alonzo M. Murphey, through the defendant R. G. Tabor, a clerk in the office of Murphey, and his agent, the said Murphey, paying $200 cash, assuming the mortgage of $343, and giving note for $780, with a credit on it of $343. Mrs. Duncan told defendant Tabor about the escrow agreement with plaintiff, and both Tabor and Murphey had full knowledge of plaintiff's rights before the purchase. Subsequently Murphey borrowed $700 from one Bibb and secured the same by mortgage on this property. The court below dismissed the complaint as to all the defendants except the Duncans, declined to make any decree as to them, and transferred the cause to the legal side of the court for a jury trial to determine the question of their liability to the plaintiff. Plaintiff appeals.

*Turner, Graves & McKinstry,* for appellant.

*Prather & Danson,* and *F. T. Post,* for respondents.

The opinion of the court was delivered by

Dunbar, J.—It is exceedingly difficult to determine from the testimony in this case whether or not the plaintiff has any equities which can be enforced, so far as the defendants Murphey and Tabor are concerned. In the absence, however, of an affirmative opinion to the contrary we will accept the conclusions of fact of the judge who tried the case as correct, so far as they were stated. So far as the demands of the plaintiff against the defendants J. R. and Sarah E. Duncan are concerned, we are of the

opinion that the plaintiff should have judgment for the sum of six hundred dollars, with interest thereon since October 23, 1890. The only question involved, then, is, can the court, upon the failure of the petition for specific performance, assess damages in lieu thereof?

Without going into a general discussion of this interesting question, which was reviewed at some length by this court in *Morgan v. Bell*, 3 Wash. 554, the testimony in this case leads us to the conclusion that plaintiff was unaware of the inability of the defendants to convey, by reason of the mortgage to Bibb, until after the commencement of the action, and that the suit was commenced in good faith, which, we think, entitles her, especially considering all the circumstances of the case, to a judgment for the money she had paid.

The defendants Duncan rely largely on the case of *Drown v. Ingels*, decided by this court at its January term, and reported in 3 Wash. 424. But nothing that was decided in that case affects the case at bar. In that case time was made the essence of the contract, and it was especially agreed that if certain deferred payments were not paid when due, plaintiff would forfeit all the money paid down, and all her rights under the contract. But here there was no such agreement, and the action of both the parties plainly shows that time was not understood to be the essence of the contract.

The judgment of this court is, that the defendants, Alonzo M. Murphey, Mrs. Alonzo M. Murphey, R. G. Tabor and Mrs. R. G. Tabor, have and recover of the plaintiff, Mary C. Cunningham, for their costs of this appeal, and that the plaintiff, Mary C. Cunningham, have and recover a judgment against the said defendants, J. R. Duncan and Sarah E. Duncan, for the sum of six hundred dollars, with interest on the same at the rate of ten per cent. per annum since the 23d day of October, 1890, together with costs of

appeal and costs of trial in the lower court; and that the defendants, Murphey, Tabor and Boyer and Sivyer, have judgment against the defendants, J. R. Duncan and Sarah E. Duncan, for their costs of the lower court, and it is so ordered.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.