[No. 736.  Decided February 2, 1893.]

JOHN H. WILSON, *Respondent*, v. BENJAMIN G. MORRELL, *Defendant*, AND H. E. SIMMONS, *Appellant*.

APPEAL — FORM OF BOND — STATEMENT OF FACTS — CONVEYANCES OF LAND — EQUITABLE TITLE — WHEN CHARGEABLE WITH LIEN — SUBROGATION.

Where an instrument with sufficient sureties and properly conditioned has been given as an appeal bond, but instead of being in the form of a bond is in the form of an undertaking, it will, under the statute requiring courts to look at substance rather than form, be upheld as sufficient.

An appeal will not be dismissed because the original statement of facts instead of a transcript is sent to the supreme court.

The sole heir to certain land of a decedent, who was also administrator of the decedent's estate, contracted for its sale and subsequently delivered an administrator's deed therefor to the purchaser, although not properly authorized by the probate court. The purchaser at the time of making the contract had paid a portion of the consideration and agreed that in case of his failure to make the deferred payment at the time it became due, all his rights under the contract should be forfeited and the amount paid thereon retained by the vendor. The deferred payment was never made. Subsequent to the making of the defective administrator's deed the vendor mortgaged the land to a third person. *Held*, That an equitable title only passed to the purchaser, subject to a lien in favor of the vendor for the amount remaining unpaid, and that the mortgagee, being subrogated to the rights of the vendor, is entitled to the amount of such deferred payment, with interest, as a condition to the setting aside of his mortgage.

The grantee of an equitable title to land takes subject to an equitable lien against the same, although without knowledge that the land is charged with such lien.

*Appeal from Superior Court, Mason County.*

*James Wickersham*, for appellant.

*C. W. Hartman*, for respondent.

The opinion of the court was delivered by

HOYT, J.— Respondent seeks to have this appeal dismissed for the reason that no such bond on appeal has

been filed as the statute requires, and also for the reason that the statement of facts is brought here in the original form instead of by copy.

Respondent concedes that an instrument with sufficient sureties and properly conditioned has been duly filed, but claims that because such instrument is in the form of an undertaking instead of that of a bond, it is ineffectual for the purposes for which it was given. Were it not for several provisions of our statute which make it the duty of courts in the interpretation of instruments of this kind to look at the substance rather than the form, there would be much force in this position of respondent; but in view of such provisions, we think that the intention of the parties to secure the respondent upon proper conditions fully appearing from the instrument, it should be given force; and that by reason of this want of form appellant should not be deprived of the benefits of his appeal.

We have passed upon the other objection several times, and have uniformly held that, though the statute requires a transcript of the statement of facts or bill of exceptions to come here instead of the original, yet when the original is here we are so possessed of the case that we can hear and determine the merits of the controversy; and that such being the case, it is our duty to disregard the form in which the facts have reached us. The motion to dismiss must be denied.

The record in this case shows the pleadings to be in a somewhat anomalous condition, and some technical questions might have been raised as to the manner in which the case was so brought into the lower court that the respective rights of the respondent and appellant could be determined. But the parties to the appeal have not raised any of these questions. They have presented the case from their respective standpoints upon the merits, and such being the case, we shall likewise disregard all technicalities

growing out of the pleadings and determine the rights of the parties upon the facts disclosed by the record.

Upon such record it appears that the rights of the respective parties largely depend upon a certain contract made by one Benjamin G. Morrell to one John Gillespie, for the sale of the land the title to which is in question. For the purposes of this case the appellant must be held to have been subrogated to whatever rights the said Morrell had in the lands at the date of the execution of the mortgage to the appellant, and the respondent to be entitled to the rights of the said Gillespie by virtue of the contract above mentioned. By the terms of said contract said Morrell, as sole heir of his wife, contracted to convey the said land to said Gillespie for the sum of $520, of which $300 was to be, and was, paid down, and $220, with interest thereon at ten per cent. from April 23, 1885, was to be paid in three years. There was a clause in said contract which required that said Morrell should obtain leave from the probate court to make to said Gillespie a proper deed to said land. There was also a provision that upon failure by the said Gillespie to pay the deferred payment at the time it became due, all his rights under the contract should be forfeited, and the amount paid thereon retained by the said Morrell as liquidated damages; and a further provision which made time the essence of the contract.

The proofs show that said Morrell, as administrator of the estate of his said wife, executed an administrator's deed sufficient in form to convey to the said Gillespie the interest of his said wife in the property in question; but the proof does not show such proceedings on the part of the probate court as would authorize the execution of such deed. There is no proof whatever that the necessary steps to give the probate court jurisdiction to order a sale of the property were ever taken. It further appears from the proof that the deferred payment of $220 has not been paid

by said Gillespie, or any one representing him, and that no interest thereon has ever been paid.

Just before the execution of the appellant's mortgage, there was an attempt made to declare the contract in question forfeited by the action of the probate court and said Morrell, but there is no proof whatever that any notice of such intention or of such forfeiture was ever given to said Gillespie or those representing him. The only attempt at giving notice was by the endorsement, by the auditor, on the margin of the contract, which was on record in his office, of a statement that the same had been canceled by order of the probate court and of said Morrell for non-compliance with the conditions thereof. But it is evident that this endorsement was entirely unauthorized and could have no force whatever. Under these circumstances, it is contended on the part of the appellant that said administrator's deed, being void for the purposes for which it was given, can have no force whatever, and that the contract having been violated by said Gillespie in failing to make the deferred payment, was, at the date of his mortgage, forfeited by lapse of time, or was by the act of making such mortgage so far forfeited by said Morrell as was necessary to protect the appellant's rights. That a contract containing the provisions above mentioned may be forfeited for failure to comply with the conditions, without notice to the other party, by a conveyance of the land is, we think, established by the authorities. We so held in *Drown v. Ingels*, 3 Wash. 424 (28 Pac. Rep. 759), and see no reason to change the views expressed in the opinion rendered in said cause.

And if the administrator's deed can have no force whatever in determining the rights of the parties, we should be disposed to agree with the contention on the part of the appellant. But in our opinion said deed, although void for the purposes for which it was made, cannot be disre-

42—5 WASH.

garded in determining the rights of the respective parties to said contract. It is evident from all the proofs in the case that such deed was executed by said Morrell and delivered to said Gillespie in pursuance of the provisions of said contract. And it is clear that at the time it was so executed the said Morrell intended thereby to pass title to the land in question to said Gillespie. And such being his intention, the said Gillespie had a right to receive it as a declaration on the part of said Morrell that thereby he intended to concede that the contract in question had been fulfilled. Under these circumstances, if the contract had in fact been so fulfilled, a perfectly good equitable title would have passed to the said Gillespie as between him and the said Morrell, and thereafter it would not have been within the power of said Morrell to have declared any forfeiture of said contract.

But the said deferred payment not having been paid at the time of the delivery of said deed, such equitable title passed to said Gillespie, subject to a lien in favor of said Morrell for the amount remaining unpaid upon said contract. It would follow that a court of equity, in directing a transfer of the legal title to said Gillespie, would require, as a condition to such transfer, payment by him of the amount due. And as we have seen that the appellant, for the purposes of this case, has all the rights which the said Morrell would have had, it follows that as a condition to the setting aside of his mortgage, the court should have required such payment, and that the decree rendered herein by the court below must be modified to that extent, unless the respondents stand in a better condition than would said Gillespie if he had never conveyed the land.

If the said Gillespie had had the legal title, even though it was charged with an equitable lien in his hands, his grantee, without knowledge of such equitable lien, would have taken a perfect title. But at the time Gillespie con-

veyed to the respondent he had only an equitable title, and under the well settled rule that the grantee of an equitable title gets no better title than his grantor, the title conveyed to respondent was subject to such equitable lien. Hence, the respondent has no greater rights than Gillespie would have had.

There is in the case a deed to the respondent from said Morrell sufficient, probably, to convey to him any title which said Morrell had at the date of its execution, but the same was not executed until long after the execution of appellant's mortgage and could confer no rights as against it.

The decree of the lower court must be reversed, and the case remanded with instructions to enter a decree releasing the lien of the mortgage of the appellant upon the land, upon the payment to the appellant, or into court for his use, of the sum of $220, and interest thereon from April 23, 1885; and that in default of such payment the appellant's lien upon said land to the amount thereof be enforced by proper proceedings as in a suit to foreclose a mortgage. The appellant to recover costs of both courts.

DUNBAR, C. J., and ANDERS, SCOTT and STILES, JJ., concur.