[No. 7819.   Decided June 15, 1909.]

J. CONRAD CASH, *Respondent*, v. ALLEN MEISENHEIMER,
*Appellant*.[1]

VENDOR AND PURCHASER—BREACH—DAMAGES—REMEDIES OF VEN-
DEE—DEFENSES.  A vendee cannot recover damages for breach of a
contract to convey land, induced by false representations of the
vendor that he was a single man, where the vendee was in default
in his payments, and the vendor gave notice of forfeiture under the
terms of the contract, there being no evidence that the vendor's wife
refused to join in a deed or claimed any interest in the property.

SAME—RESCISSION BY VENDEE—DEFECTS IN TITLE.  The fact that
the vendor did not have the legal title to land, which was held for
him by a trustee, does not entitle the vendee to rescind, while in
default on payments, where the vendee knew the state of the title
at the time of the sale.

[1]Reported in 102 Pac. 429.

SAME—CONTRACT—FORFEITURE—WAIVER—EXTENSION OF TIME. Extending the time for and accepting payment, after defaulting on certain installments due on a land contract, does not waive the right to declare a forfeiture for default in paying future installments, time for which was not extended.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered October 2, 1908, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for damages for breach of contract. Reversed.

*Merritt, Oswald & Merritt,* for appellant.
*W. E. Southard,* for respondent.

Mount, J.—Plaintiff brought this action to recover damages for an alleged breach of contract of sale of real estate. He recovered a judgment in the court below. Defendant appeals.

The amended complaint alleges, in substance, that the defendant, in 1902, falsely represented that he was a single man and the owner in fee of section 5, township 20, north, range 30, in Douglas county, and thereby induced plaintiff to enter into a contract in writing for the purchase of said land at the agreed price of $6,440; that certain payments were made on the contract, plaintiff went into possession of the land, and made improvements thereon; that thereafter plaintiff notified defendant of his readiness to pay the balance due, and demanded an abstract of title and a deed to the premises; that defendant furnished an abstract of title which showed that he was a married man, and tendered a deed executed by himself; that defendant refused to deliver a deed executed by his wife, who claimed an interest in the property and refused to join in such deed; that thereafter the defendant wrongfully declared the contract forfeited.

Defendant demurred to the amended complaint. This demurrer was overruled, and defendant answered and admitted

37—53 WASH.

the making of the contract, the payment of $1,000, and that plaintiff went into possession of the premises and made improvements thereon of the value of $600; but denied all the other allegations of the complaint; and by way of affirmative defense alleged, that the written contract attached to the complaint was entered into; that plaintiff paid the defendant $1,000; that the property described in the contract was the separate property of the defendant; that plaintiff went into possession of the premises and farmed the same for the years 1903-4-5-6, and retained the proceeds thereof; that plaintiff did not make the deferred payments when due, but subsequently thereto defendant agreed that plaintiff might sell one quarter of the land for $2,560, provided the whole thereof was applied upon the contract; that this was done, and thereafter no further payments were made; that in 1906 the plaintiff informed defendant that he could not make the payments agreed upon in the contract, and would reconvey said real estate to the defendant; that thereafter in 1907, plaintiff abandoned the land, and subsequently, in April of 1907, defendant served upon plaintiff a written notice of forfeiture of the contract because of failure to make the payments, and thereafter took possession of the land. The reply of the plaintiff denied the affirmative matter. The case was tried to the court without a jury, and findings were made and a judgment entered in favor of the plaintiff for $6,761.48.

Appellant argues that the amended complaint fails to state a cause of action. In view of the fact that the case was tried upon its merits, and in view of our conclusion that the complaint is not sustained by the evidence in essential particulars, we need not discuss the allegations contained in the complaint. The basis of recovery in the action is that the respondent himself was not in default, and that the appellant was in default. The complaint alleged facts showing such basis. But the evidence of the respondent showed conclusively that he

was in default at the time of the forfeiture. The contract provided for payments as follows:

"$1,000 cash, the receipt of which is hereby acknowledged, and the remainder, $5,440, to be paid in seven payments as follows, to wit: $777 on or before Nov. 1st, 1904; $777 on or before Nov. 1st, 1905; $777 on or before Nov. 1st, 1906; $777 on or before Nov. 1st, 1907; $777 on or before Nov. 1st, 1908; $777 on or before Nov. 1st, 1909; $778 on or before Nov. 1st, 1910. With interest on all the said amounts at the rate of eight per cent per annum from date until paid, payable annually November 1st, of each year."

In December of 1904, after the installment for that year was past due, appellant agreed that respondent might sell one quarter of the land at $16 per acre, provided the whole amount received on the sale would be applied on the indebtedness. The sale was made and the proceeds of the sale were applied upon the contract. This paid the 1904 installment together with the interest due, and, also, all but $177.77 on the 1905 installment.

Thereafter in 1906, while the balance on the 1905 installment and all of the 1906 installment were past due and in default, respondent requested permission of appellant to sell or mortgage the south half of the section. Appellant consented to the sale, provided the whole amount realized should be applied on the contract. This was agreed to by the respondent. Respondent attempted to sell the land, and found a purchaser who was willing to take it at the price of $5,100, within a limited time. Respondent informed appellant of the offer, but did not mention the time limit. Appellant then procured an abstract as requested by the respondent, and executed a deed, but when the abstract and deed were tendered to the purchaser, he refused to complete the purchase of the land because the time limit had expired. Thereafter the respondent made no further effort to comply with his contract, and made no other payments, but leased the land and moved away from it. The appellant in April, 1907,

while respondent was in default, served a notice of forfeiture, and retook possession of the land. This evidence shows clearly that the respondent himself was in default, and had neither performed nor offered to perform the conditions of his contract.

The complaint also alleged that the appellant did not have, and could not convey, good title. The proof shows upon this subject that appellant and Edna Meisenheimer were husband and wife; that they were married on November 17, 1899, and divorced on December 27, 1904. She testified at the trial that she was still the appellant's wife, but gave no other evidence. Assuming that she and the appellant were husband and wife at the time of the trial, and assuming also that she had a community interest in the land, both of which assumptions are at least doubtful, there is no evidence that she had refused to join in a deed, or that she had not fully ratified the contract for the sale of the land. There is no evidence that she even claimed an interest in the land at that time.

The proof also showed that at the date of the contract between respondent and appellant, viz., December 22, 1902, the legal title of the land stood in the Northern Pacific Railway Company; that appellant and others had entered into a contract with the Northern Pacific Railway Company for the purchase of the land; that this contract was made in the name of one C. F. Clodius. The respondent, at the time he entered into the contract with the appellant, was fully informed of these facts. In 1904, a deed of the land, together with other lands, was executed by the railway company to C. F. Clodius, one of the original purchasers from the railway company. Mr. Clodius held the land in trust for the real owners, of whom defendant was one. Thereafter, in January, 1905, Mr. Clodius and wife, for a nominal consideration of $5, conveyed the land in dispute, together with other lands, in all amounting to two thousand four hundred acres, to

Maud Motley, and the legal title, so far as the proofs show, now stands in her name.

It is not shown what relation Maud Motley bears to the appellant, except by inference, and there is no proof, other than this mere transfer, that Maud Motley claimed to be an innocent purchaser or the owner of the property by virtue of the deed from Clodius, or that she refused to convey the land in dispute to the respondent, or that the appellant did not have complete control over the land. It is conceded that Clodius held the land in question as trustee for the appellant. The presumption from the mere transfer by Clodius and wife to Maud Motley for a nominal consideration, under the circumstances shown in this case, in the absence of any further showing, must be that the grantee took only the interest of Clodius and wife. If the appellant, after the date of the contract, had put it out of his power to convey a good title to the respondent, in that event the respondent might rely upon that fact for a rescission, and would then not be required to offer to perform. But the respondent having shown that he had not offered to perform his part of the contract, then it devolved upon him to show that appellant had put the title where he could not perform the contract. The evidence fails to show that fact. The appellant did not have the legal title when the contract was entered into, and respondent was fully informed concerning the condition of the title. The contract provides:

"It is especially agreed that time is of the essence of this contract, and in case of default by the party of the second part (plaintiff) his heirs and assigns, in any of the conditions above stipulated to be performed by him, then and in that case this contract shall become void, and the party of the second part shall have forfeited his rights hereunder, and any payments that shall have been made shall become forfeited to the party of the first part, which said payments it is hereby especially agreed shall in that case be deemed as damages hereby liquidated for non-performance of the contract of said second party."

It is argued by respondent that, because a payment was made after the time provided therefor, and because appellant agreed to accept the final payment after a default had been made, therefore this forfeiture clause was waived. It no doubt was waived as to payments then made and accepted. But a previous waiver did not necessarily waive subsequent payments accruing thereafter by the terms of the contract. *Phelps v. Illinois Central R. Co.*, 63 Ill. 468; *Reynolds v. B. & M. R. Co.*, 11 Neb. 186, 7 N. W. 737; *Lent v. B. & M. R. Co.*, 11 Neb. 201, 8 N. W. 431. In the last-named case it was said:

"No one would contend, of course, that, as to the installments received, there was not a waiver; but the argument of counsel goes further, and amounts to this: that the acceptance of payments overdue is a waiver of the matter of time, not only as to them, but also as to those falling due thereafter. Such, however, is not the law. The proposition is supported by neither reason nor authority. The simple act of receiving a payment after the day when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and, as to those following, the provisions of the contract are left to operate with unimpaired force."

This is without doubt a correct statement of the rule in such cases. It follows for these reasons that the appellant was not in default, and that the respondent was in default in his payments, and therefore is not entitled to recover.

The judgment must be reversed, and the cause remanded with directions to dismiss the action.

RUDKIN, C. J., CROW, CHADWICK, DUNBAR, GOSE, and FULLERTON, JJ., concur.

PARKER and MORRIS, JJ., took no part.