24            GARVEY v. BARKLEY.

[No. 8263.   Department Two.   November 19, 1909.]

Frank Garvey, *a Minor etc., Appellant*, v. James Barkley,
*Respondent*.[1]

Vendor and Purchaser—Contract—Default—Forfeiture. Where
a contract for the purchase of land provided for the payment of an
installment and accrued interest on a certain date at a bank in A.,
and made time of the essence with the right to declare a forfeiture
for default, mailing a draft at S. on the due date, for the amount due
less interest, is not a sufficient tender, where three days was re-
quired for the mail to arrive at A., and notice of election to forfeit
the contract may at once be given.

Same—Estoppel to Declare Forfeiture. The acceptance of the
first installment upon a contract to purchase land, without accrued
interest, does not estop the vendor from electing to declare a for-
feiture on the purchaser's failure to pay the second installment with
accrued interest, on the date it is due.

Appeal from a judgment of the superior court for King
county, John C. Higgins, Esq., judge *pro tempore*, entered
July 7, 1908, upon findings in favor of the defendant, in an
action for specific performance, after a trial on the merits
before the court without a jury.   Affirmed.

*William C. Keith*, for· appellant.

*Brady & Rummens*, for respondent.

Parker, J.—This action was commenced by plaintiff to
enforce specific performance of a contract to purchase certain
land in Seattle.   The defendant answered, praying for an
affirmative decree against plaintiff forfeiting all his rights
under the contract by reason of his alleged breach thereof.
A trial before John C. Higgins, Esq., judge *pro tempore*,
resulted in findings and a decree in favor of defendant, from
which plaintiff has appealed.

The facts as found by the learned trial court, which we
regard as fully sustained by the evidence, in so far as they

[1]Reported in 104 Pac. 1108.

are necessary to be noticed in determining the rights of the parties, are in substance as follows: The respondent being the owner of the land involved, on the 21st day of July, 1906, entered into a written contract with plaintiff for the sale thereof; upon terms and conditions recited in the contract as follows:

"1st. That purchase price for said land is eight hundred 00-100 dollars of which sum twenty-five 00-100 dollars has this day been paid as earnest money, the receipt whereof is hereby acknowledged by the party of the first part; the further sum of twenty-five 00-100 dollars to be paid on or before the 12th day of October, A. D. 1906, and twenty-five dollars each three months thereafter until the amount is fully paid with interest thereon from this date until paid at the rate of ten per cent per annum, payable with each quarterly payment; paid at Asotin Bank, Asotin, Washington.

"3rd. Said lands to be conveyed by a good and sufficient deed with abstract of title to the said party of the second part when said purchase price shall have been fully paid;

"4th. Time is the essence of this contract, and in case of failure of the said party of the second part to make either of the payments or perform any of the covenants on his part, this contract shall be forfeited and determined at the election of the party of the first part; and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by him sustained; and he shall have the right to re-enter and take possession of said lands and premises and every part thereof."

Twenty-five dollars was paid upon the execution of the contract as therein provided, and twenty-five dollars was paid thereon October 12, 1906. By the terms of the contract the sum of twenty-five dollars and accrued interest became due thereon January 12, 1907. In the usual course of the mail, letters mailed at Seattle will arrive at Asotin on the third day thereafter. On January 12, the day on which the twenty-five dollar installment and accrued interest became due, appellant caused to be mailed at Seattle, a letter inclosing a draft for

twenty-five dollars addressed to the Asotin bank, to apply upon the purchase price of the land, which was not received at the bank until January 17. On January 11, respondent directed the Asotin bank, that unless the whole amount to become due under the terms of the contract on January 12, was received by the bank on that day, it should not receive the same for the use of respondent. On January 16, prior to the receipt by the bank of the twenty-five dollar draft sent by appellant, the respondent wrote and mailed to appellant the following letter, which was received by him in due course:

"Asotin, Washington, January 16th, 1907.
"Frank Garvey, Esq., Seattle, Washington.
"Dear Sir:—You are hereby notified that you have failed to comply with the terms of your contract with me under date July 26th, 1906, for the purchase by you from me of lots nine (9), ten (10), eleven (11) and twelve (12) of block thirty-six (36) of the re-plat of the Green Lake Home Addition to the City of Seattle, King County, Washington, in this that you have failed to make the quarterly payment with interest, as provided in the first paragraph of our contract, when the same became due this present month.
"Therefore, in accordance with the terms of the 4th paragraph of said contract, by reason of your failure to make the above stated payment, I hereby elect to forfeit and determine all your rights and interests arising out of said contract and will keep and retain all sums of money by you paid thereon as liquidated damages as provided in said contract. Very respectfully.          James Barkley."

On the following day, January 17, immediately upon the receipt of the twenty-five dollar draft sent by appellant, the bank returned the same to him as directed by respondent. Upon the receipt of the letter from respondent declaring the forfeiture of the contract, the appellant forwarded to the Asotin bank a draft payable to the order of respondent for a sum equal to the twenty-five dollar installment and accrued interest due January 12, which was refused, and returned to appellant as directed by respondent. The parties were com-

parative strangers to each other, the appellant living at Seattle and the respondent near the town of Asotin.

That the purchaser wholly failed to perform the conditions of the contract upon his part, according to its plain terms, by failing to pay the installment and interest falling due January 12, at the Asotin bank, seems too plain for argument. Even if the mailing of the draft at Seattle on the day the installment fell due should be regarded as a sufficient tender, so far as time alone is concerned (which we think it was not under the plain provision of the contract making it payable at the Asotin bank), still the amount of the draft was not equal to the sum then due, in that it did not include interest, and hence would not be a sufficient tender even if in time. Before the next attempted tender was made, and while appellant was clearly in default, respondent had elected to declare the contract and all of appellant's rights thereunder forfeited, and had given appellant formal written notice thereof, which had been received. Contracts of this nature have uniformly been upheld by this court and given full force according to the plain import of their language. *Drown v. Ingels*, 3 Wash. 424, 28 Pac. 759; *Wilson v. Morrell*, 5 Wash. 654, 32 Pac. 733; *Pease v. Baxter*, 12 Wash. 567, 41 Pac. 899; *Jennings v. Dexter Horton & Co.*, 43 Wash. 301, 86 Pac. 576.

It is argued by learned counsel for appellant that respondent is estopped from claiming a forfeiture for the reason that he accepted the installment falling due October 12, without added interest then due—that is, he accepted part of what was then due. It is no doubt true that he was thereby estopped from claiming a forfeiture by reason of that particular default in the payment of interest, without first giving appellant notice and a reasonable opportunity to pay that interest, but it does not follow that because of default in whole or in part as to one installment, and forbearance by the seller on account thereof, he thereby waives his right of forfeiture as to subsequent installments. We do not think the

acceptance of the one October installment, without added interest then due, was a waiver on the part of respondent to insist upon his right of forfeiture by reason of default in future installments, according to the strict terms of the contract. *Cash v. Meisenheimer*, 53 Wash. 576, 102 Pac. 429. It may be that repeated forbearance of his right of forfeiture under the strict terms of the contract by acceptance of defaulted payments might constitute sufficient evidence to warrant the court in holding he had thereby waived his right of forfeiture without previous notice, but such is not this case.

The case of *Stein v. Waddell*, 37 Wash. 634, 80 Pac. 184, cited by appellant's counsel, is not applicable to the facts here. In that case one of the installments became due August 3, 1903. Thereafter payment of a portion of that installment which was then in default was accepted, and before the next installment became due, suit was commenced by the seller to declare a forfeiture. The only default upon which the right of forfeiture could be based was waived by the acceptance of part payment on the installment in default. In this case respondent is not depending upon a defaulted installment part payment of which has been accepted by him. He is depending upon a default in the installment of January 12, which has not been paid according to the plain terms of the contract, and his right of forfeiture has not been waived by accepting part payment thereon or in any other manner. We have seen that his acceptance of the October installment without the interest did not affect his rights which might arise by reason of future defaults.

We are of the opinion that the learned trial court correctly determined the rights of the parties, and its decree is therefore affirmed.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.