### P. Peterson v. Edward Davis *et al.*
#### No. 12,478.   (66 Pac. 623.)

##### SYLLABUS BY THE COURT.

CONTRACT OF SALE— *Time the Essence—Ejectment.* A provision in a contract for the sale of real estate making the time of payment of the purchase-price of the essence of the contract is to be respected and enforced by the courts like any other stipulation between the parties.

Error from Anderson district; SAMUEL A. RIGGS, judge. Opinion filed November 9, 1901. Division two. Reversed.

*Noah L. Bowman,* for plaintiff in error.

*J. G. Johnson,* for defendants in error.

*Per Curiam:* This was an action in ejectment brought to recover possession of lots 1 and 2, block 40, city of Garnett. On August 25, 1884, George W. Iler, the owner of lot 1, and L. K. Kirk, the owner of lot 2, executed and delivered to defendant Edward Davis their title bond, by the terms of which the obligors therein agreed, upon the payment of twenty dollars cash, and the further sum of thirty dollars on or before the 1st day of January, 1895, to convey the premises to Davis. By the express terms of this title bond the time of payment was made of the essence of the contract. Davis also agreed to pay the taxes on the property.

Davis with his family, consisting of his wife and two children, entered into possession and erected a dwelling-house on one of the lots, and continued to reside therein until the bringing of this action.   The cash payment of twenty dollars was made, and the further sum of five dollars was paid on the purchase-price on October 29, 1884.   Payment of the remainder of the purchase-price has not been made or tendered, nor has Davis paid the taxes on the property.   There is no claim that the time of payment of the balance of the purchase-money was in any way extended.

On April 13, 1897, plaintiff purchased the property from Iler and Kirk and received a deed therefor.   On the 15th day of April, the defendant, Edward Davis, assigned his interest in and delivered to plaintiff the title bond which he had received from Iler and Kirk. Plaintiff redeemed from tax sale and paid the taxes due on the property.   Upon demand made, defendants refused to yield possession of the property, when this action was brought.   Defendants had judgment and plaintiff brings error.

That the time of payment of the purchase-price of real estate may, by express stipulation in the contract of sale, be made of the very essence of the contract, and when so made is to be respected and enforced by the courts like any other stipulation between the parties, is settled.   (*Mo. River, Ft. S. & G. Rld. Co. v. Brickley*, 21 Kan. 275 ; *Grey v. Tubbs*, 43 Cal. 359 ; 1 Beech, Mod. Cont. § 620.)   That time was so made of the essence of the contract in this case, and that defendants for a period of more than twelve years after default in the payment of the remainder of the purchase-price held possession of the property without payment or tender of payment, and without any justification or excuse for not making payment, is admitted.   It fol-

43—63 KAN.

lows that the title bond held by Davis afforded him no defense in this action of ejectment brought by the grantee of the owners of the property. (*Boeken v. Alderman*, 26 Kan. 738.)

The fact that plaintiff, before bringing the action, received an assignment and delivery of the title bond from Davis, if material, certainly placed him in no worse condition than if the bond had remained in the hands of Davis. It conferred no new right of defense upon Davis, imparted no new vitality to the bond.

It follows that the judgment is wrong and must be reversed.

DOSTER, C.J., CUNNINGHAM, POLLOCK, JJ.