[No. 8091.  Department One.  November 23, 1909.]

JAMES E. DOUGLAS *et al., Respondents*, v. WILLIAM F.
HANBURY *et al., Appellants*.[1]

VENDOR AND PURCHASER—CONTRACT—FORFEITURE—DEFAULT IN PAY-
MENT—WAIVER.  Where seventeen monthly installments on a land
contract were paid and accepted from a few days to a few months
after maturity, the vendors waive a provision making time of the
essence of the contract, and a forfeiture could not thereafter be
declared without demand for payment or specific notice.

SAME—NOTICE OF FORFEITURE—SUFFICIENCY.  After waiver of a
provision making time of the essence of a contract to convey land,
testimony by the vendor that he mailed a letter notifying the vendee
of an installment falling due, and that he must be ready with the
money, is not sufficient to show notice of a specific intent to declare
a forfeiture, receipt of the letter being denied.

Appeal from a judgment of the superior court for King
county, Main, J., entered April 13, 1909, upon findings in
favor of the plaintiffs, in an action to quiet title, after a trial
before the court without a jury.  Reversed.

*Averill Beavers* and *Charles H. Gray* (*Geo. McKay*, of
counsel), for appellants.

*Revelle, Revelle & Revelle*, for respondents.

RUDKIN, C. J.—On the 5th day of May, 1906, the plain-
tiff James E. Douglas, on behalf of himself and wife, entered
into a contract with the defendant William E. Krause for
the sale of the real property now in controversy, for the con-
sideration of $760, to be paid as follows: $60 on execution
of the contract, and $10 on or before the 5th day of each
and every month thereafter, until the full payment of the pur-
chase price, with interest on the deferred payments at the rate
of eight per cent per annum.  The contract contained this
further provision:

"Time is the essence of the contract, and in case of failure
of the said party of the second part to make either of the pay-

[1]Reported in 104 Pac. 1110.

ments or perform any of the covenants on his part, this contract shall be forfeited and determined at the election of the said party of the first part; and the said party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and liquidation of all damages by him sustained; and he shall have the right to re-enter and take possession of said land and premises and every part thereof."

On the 8th day of September, 1906, the defendant Krause assigned the contract to the defendant Hanbury. Payments were made on the purchase price under the contract as follows: May 5, 1906, $60; installments for June, July, August, and September, 1906, with accrued interest, paid September 6, 1906; installments for October, November, and December, 1906, with accrued interest, paid December 15th, 1906; installments for January, February, and March, 1907, with accrued interest, paid March 20, 1907; installments for April, May, June, and July, 1907, with accrued interest, paid June 27th, 1907; installment for August, 1907, with accrued interest, paid August 25, 1907; installments for September, October, November, and December, 1907, with accrued interest, paid November 30, 1907. Up to this point there is no conflict in the testimony.

The defendant Hanbury testified that he tendered the installments for January and February, 1908, with accrued interest, to the plaintiff James E. Douglas on the 5th day of February, 1908, and that the tender was refused. His testimony was fully corroborated by another witness, but the fact of tender was denied by the plaintiff James E. Douglas. The plaintiffs, on the other hand, testified that they notified the defendant Hanbury by letter on the 26th day of December, 1907, that the January payment would fall due on January 5, next, and that he must be ready with the money. Hanbury denied the receipt of any such letter. The present action was instituted by the vendors to quiet their title as

against the contract of sale, and from a judgment in their favor, the present appeal is prosecuted.

The rule is firmly established in this state that, where time is made of the essence of a contract of sale, the vendor may declare a forfeiture of the contract for nonpayment of the purchase price or any installment thereof. *Drown v. Ingels,* 3 Wash. 424, 28 Pac. 759; *Wilson v. Morrell,* 5 Wash. 654, 32 Pac. 733; *Pease v. Baxter,* 12 Wash. 567, 41 Pac. 899; *Jennings v. Dexter Horton & Co.,* 43 Wash. 301, 86 Pac. 576. But the rule is equally well established that the right of forfeiture must be clearly and unequivocally proved, and that the right may be waived by extending the time for payment, or by indulgences granted to the purchaser. *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 1026; *Morgan v. Northwestern Nat. Life Ins. Co.,* 42 Wash. 10, 84 Pac. 412; *Insurance Co. v. Wolff,* 95 U. S. 326, 24 L. Ed. 387; *Insurance Co. v. Eggleston,* 96 U. S. 572, 24 L. Ed. 841; *Orr v. Zimmerman,* 63 Mo. 72; *Harris v. Troup,* 8 Paige 422; *Estell v. Cole,* 62 Tex. 695; *Stewart v. Gates,* 30 Miss. 100; *Watson v. White,* 152 Ill. 364, 38 N. E. 902; *Monson v. Bragdon,* 159 Ill. 61, 42 N. E. 383.

In *Watson v. White, supra,* the court said:

"He knew that all along, from the beginning, the clause declaring time to be of the essence of the contract, and other like clauses, had, by tacit agreement, remained in abeyance, and that all claims under them had been continuously waived. It may be that the rights of Fix under said clauses of the contract were not absolutely and permanently waived, but from the standpoint of a court of equity they were at least temporarily suspended, and capable of being reinstated only by giving a definite and specific notice of an intention to act under them. Good faith and square dealing required that much."

Of the nineteen monthly installments paid by the appellants, two were paid and accepted before maturity, and the remaining seventeen were paid and accepted from a few

days to a few months after maturity. Such a course of conduct constituted a clear waiver of the provision making time of the essence of the contract, and the vendors could not thereafter declare a forfeiture "until after demand for payment and the lapse of a reasonable time," as held by this court in *Whiting v. Doughton, supra,* or, by giving definite and specific notice of their intention to claim a forfeiture, as held in *Watson v. White, supra.* Common honesty and fair dealing required this much at their hands. The repeated indulgences granted to the purchaser clearly distinguish this case from *Garvey v. Barkley, ante* p. 24, 104 Pac. 1108.

The court below found all the facts in accordance with the claims of the respondents, based on the testimony of the respondent James E. Douglas, though this witness seems to have been contradicted by every witness he came in contact with at the trial. Two witnesses testified that a tender was made to him on February 5, 1908, but this he denied. Two other witnesses testified that he was notified of the assignment from Krause to Hanbury, but this he denied. He testified that he mailed a certain letter, but the receipt of the letter was denied. He testified that he demanded payment of the January, 1907, installment from the defendant Krause, but this, too, was denied. However, giving full force and effect to the respondents' testimony and to the findings of the court, a forfeiture should not have been decreed under the circumstances disclosed by the record in this case. The judgment is therefore reversed, with directions to dismiss the action.

Fullerton, Chadwick, Gose, and Morris, JJ., concur.