[Civil No. 2027.  Filed December 23, 1922.]

[211 Pac. 66.]

## OLIVE A. STARK and JOSEPH S. STARK, Her Husband, Appellants, v. J. L. NORTON and CORA W. NORTON, His Wife, Appellees.

1. VENDOR AND PURCHASER—WHEN TIME IS OF THE ESSENCE OF REAL ESTATE CONTRACT, FORFEITURE WARRANTED FOR FAILURE TO PAY PRICE OR INSTALLMENT.—Generally, where time is of the essence, the vendor may declare forfeiture for failure to pay the purchase price or any installment thereof.

2. VENDOR AND PURCHASER—A RIGHT TO FORFEIT FOR FAILURE TO PAY INSTALLMENTS MAY BE WAIVED.—Under contract, where time is of the essence, the right of the vendor to declare a forfeiture for failure to meet payments promptly must be clearly established, and such right can be waived by him, since the essence clause is inserted for his benefit, and its observance is not essential to a continuance of the other provisions of the contract.

3. VENDOR AND PURCHASER—WAIVER OF FORFEITURE RIGHT MUST BE CLEARLY ESTABLISHED BUT MAY BE IMPLIED.—A waiver of the

vendor's right to declare a forfeiture for failure to meet payments promptly must be clearly established, but this may be done by expressed declaration or agreement, or by acts and conduct manifesting intent and purpose, not to declare forfeiture, or from such neglect or failure to act as would induce a belief that it was the intention and purpose to waive.

4. VENDOR AND PURCHASER—ACCEPTING DELINQUENT PAYMENTS HELD IMPLIED WAIVER OF FORFEITURE RIGHT. — Accepting the first twenty-one installments of the principal and three installments of interest, some of which were delinquent from one to sixty-four days, *held* an implied waiver of the right to declare a forfeiture of land contract for failure to pay promptly.

5. VENDOR AND PURCHASER — KNOWLEDGE BY PURCHASER OF RIGHTS ARISING FROM WAIVER OF FORFEITURE CLAUSE NOT ESSENTIAL.— Where facts were disclosed sufficient to constitute a waiver of the vendor's rights to declare a forfeiture for failure to meet payments promptly, it is immaterial whether the purchaser had knowledge of his rights arising from such waiver.

6. VENDOR AND PURCHASER—AFTER WAIVER OF FORFEITURE CLAUSE, VENDOR'S RIGHTS LIMITED TO RECOVERY OF AMOUNT DUE UNTIL CLAUSE REINSTATED.—After a waiver by the vendor, of his right to declare a forfeiture for failure to meet payments promptly, his rights are limited to a recovery of the amount in arrears until the forfeiture clause has been reinstated by a notice to that effect, allowing a reasonable length of time for the making of payments then due.

7. VENDOR AND PURCHASER—EXTENSION TO CERTAIN DATE WILL NOT REINSTATE WAIVED FORFEITURE CLAUSE ON THAT DATE.—An agreement by the vendor to extend the time of payment on certain delinquent installments then due to a certain date does not work a reinstatement, as of that date, of the right to declare a forfeiture for failure to meet payments promptly.

8. VENDOR AND PURCHASER—COMPLAINT ALLEGING RECEIPT OF SUCCESSIVE DELINQUENT PAYMENTS MUST EXPLAIN APPARENT WAIVER OF FORFEITURE CLAUSE.—A complaint in action for forfeiture, which alleges the receipt of twenty-one installments on the principal and three installments of interest, all but six of which were paid after they became delinquent, is demurrable, on the ground that it does not state facts showing a forfeiture, since it contains no showing negativing the waiver of the right to declare a forfeiture, which is implied from the acceptance of the delinquent payments.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Messrs. Clark & Clark, for Appellants.

Messrs. Townsend, Stockton & Drake and Mr. B. E. Marks, for Appellees.

McALISTER, J.—On July 30, 1919, Olive A. Stark and Joseph S. Stark, her husband, entered into an agreement with J. L. Norton, by which they agreed to sell and convey unto the latter certain real estate situated in the city of Phoenix, to wit, lot 27 in Los Olivas Amended, for a consideration of $8,500, to be paid as follows: $1,000 upon the execution of the contract and the balance in monthly installments of $50 each on the thirtieth day of each month thereafter, beginning August 30, 1919, the unpaid principal to bear interest from date until paid at the rate of eight per cent per annum, payable semi-annually. It was further agreed that Norton should pay the taxes and all assessments upon the property, including assessments of the Salt River Valley Water Users' Association, levied after January 1, 1919. Time was declared to be of the essence of the agreement which provided for the forfeiture of the right and interest of the purchaser of the property and of all payments made by him up to that time, in case of failure to comply with its terms, at the option of the vendor.

In addition to the $1,000 paid upon the execution of the agreement, a payment of $50 on each of the following dates was made: August 30, October 1, October 31, December 1, December 30, 1919; January 31, March 1, April 1, May 4, July 2, August 2, September 1, October 2, October 30, November 30, December 30, 1920; March 2, March 15, March 31, and June 1, 1921. Interest was paid as follows: March 1, 1920, $291.03; September 1, 1920, $282.94; March 15, 1921, $270.24. The city and county taxes for 1920,

$100.20, and a water assessment of $3 were not paid. No other payments being made, the vendors, on September 6, 1921, declared the contract forfeited and withdrew it and the accompanying papers from the Valley Bank in Phoenix, the escrow agent of the parties, through which all payments had been made, and demanded a surrender of the premises which the vendee refused. They then filed their complaint alleging the foregoing facts and praying that they be declared the owners of the property and that the defendants, J. L. Norton and Cora W. Norton, be required to surrender possession.

The answer admits the payments as alleged, but sets up, by way of defense and also by way of cross-complaint, that, owing to the depression in business and financial conditions, the plaintiffs extended the time of making all past-due payments under the contract up to and including the fifth day of September, 1921, and that on said day appellees went to the Valley Bank for the purpose of making this payment, but the bank was closed, it being a holiday, and that on the day following they went to the bank again for the purpose of making the payment, but learned there that appellants had withdrawn the escrow papers, whereupon they sought out the plaintiffs and tendered to them personally during the afternoon of that day the sum of $577.67, being the amount claimed to be due, but that said plaintiffs refused to accept the tender and notified the defendants that they had changed their minds with respect to the said extension of time theretofore granted them for making the payments, and had declared a forfeiture of the contract and withdrawn the papers from the escrow agent. A tender to the clerk of the superior court and actual deposit with him of the amount due, $579.89, are alleged, together with an avowal of their purpose to deposit with said officer the amounts that

would fall due under the contract during the pendency of this action. It is further alleged that said property has greatly enhanced in value during their occupancy because of the fact that they expended on it in permanent improvements in excess of $4,000.

Plaintiffs demurred to the answer, upon the ground that it did not state facts sufficient to constitute a defense, and to the cross-complaint for the reason that it did not state facts sufficient to constitute a cross-action against the plaintiffs, and replied to the matter alleged in both the answer and cross-complaint with complete denials. The demurrers were overruled and, the plaintiffs electing to stand upon them, judgment was rendered in favor of the defendants. From this judgment the plaintiffs appeal.

The only errors assigned are the orders overruling these demurrers and rendering judgment for the defendants. If the answer or cross-complaint states a defense, they were properly entered, since the plaintiffs, appellants here, offered no testimony in support of their allegations, but elected to rest upon their demurrers. It is their contention that since the answer admits, and the cross-complaint pleads, the payments as alleged by appellants, and no facts are set up showing a waiver or an extension of the time of payment of any of the installments of principal or interest, or an estoppel, their demurrers should have been sustained. The extension alleged, appellants claim, is ineffective because made without consideration and, for aught that appears in appellees' pleading, upon the bare oral promise of appellants, and therefore the statute that anything provided or agreed to be done upon a day or within a time named may be performed upon the next ensuing business day, when the day or the last day thereof falls on a holiday, has no application, it

being clear that the contract extending the time of payment to September the 5th is not valid.

Appellants' contention rests upon the proposition that under the terms of the agreement appellees forfeited their right and interest in the property, as well as all payments theretofore made, by their failure to meet the installments, the interest, and the taxes as they became due, inasmuch as time was of the essence of the agreement and not waived by any act of appellants. It is a rule of general application that where time is made of the essence of a contract of sale the failure to pay the purchase price, or any installment thereof, gives the vendor the right to declare a forfeiture of the contract. *Douglas* v. *Hanbury,* 56 Wash. 63, 134 Am. St. Rep. 1096, 104 Pac. 1110; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, 69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713; *Peterson* v. *Davis,* 63 Kan. 672, 66 Pac. 623; 39 Cyc. 1340. But it is equally well settled that such right must be clearly established, and that it can be waived by the vendor, since the essence clause is inserted for his benefit and its observance is in no sense essential to a continuation of the other provisions of the contract. *Bennie* v. *Becker-Franz Co.,* 14 Ariz. 580, 134 Pac. 280; 39 Cyc. 1345; *Boone* v. *Templeman,* 158 Cal. 290, 139 Am. St. Rep. 126, 110 Pac. 947; *Whiting* v. *Doughton,* 31 Wash. 327, 71 Pac. 1026; *Douglas* v. *Hanbury, supra.* A waiver, it is true, must be clearly proven also, but this may be done—

"by express declaration or agreement, or by acts and conduct manifesting an intent and purpose not to claim the supposed advantage, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive." 27 R. C. L. 911.

From the complaint, which in this respect is admitted, as well as from the cross-complaint, it appears

that when the forfeiture was declared, September 6, 1921, appellees had paid and appellants had accepted the first twenty-one installments of the principal and three installments of interest, and that, of the former, five only were on the dates called for by the agreement, six were one day late, five two days, one four days, one sixteen days and two more than thirty days; and that of the latter or interest installments one was thirty, one forty-four, and one sixty-four days late. The conduct of appellants' permitting the time for so many payments to pass without declaring a forfeiture for the failure to meet them, followed in each instance up to June 1, 1921, by an acceptance of the past-due installments, justifies the conclusion that they had foregone the essence clause of the contract and constitutes a waiver of it. *Douglas* v. *Hanbury, supra; Boone* v. *Templeman, supra; Burmester* v. *Horn,* 35 Cal. App. 549, 170 Pac. 674. By the same authorities forbearance to act upon the failure to pay one installment or the acceptance of one past-due payment would not of itself constitute conduct amounting to a waiver, but forbearance or acceptance repeated so frequently as in this instance does. *Garvey* v. *Barkley,* 56 Wash. 24, 104 Pac. 1108.

It is claimed that appellees do not plead a waiver resulting from the action of appellants previous to June 1, 1921, but rely entirely upon the agreement extending the time of payment to September 5, 1921. Facts, however, showing a waiver before this extension was granted are alleged, and the extension being, so far as the pleadings disclose, a contract without consideration and therefore ineffective, should be construed merely as additional evidence of a waiver. Whether appellees thought, when seeking the extension, that the essence clause

had not been waived, as appellants contend such action shows, in no way affects the existence of the waiver. Appellees' rights in this respect did not depend upon their knowledge of the existence of such rights, whatever effect it might have had upon their enforcement.

The rights of appellants up to September 5, 1921, or to such time as they might have fixed in a notice to appellees as the date on which the essence clause of the contract would be reinstated, were limited to a recovery of the payments due and the giving of the notice of reinstatement. The essence clause having been waived, they were powerless to forfeit the contract for failure to meet the installments until it had again been made a part of that instrument, and this could only be done by appellants' giving appellees notice that after a certain date, allowing a reasonable time, they would be required to meet the payments as called for in the agreement. *Andrews* v. *Karl,* 42 Cal. App. 513, 183 Pac. 838; *Gray* v. *Pelton,* 67 Or. 239, 135 Pac. 755; *Monson* v. *Bragdon,* 159 Ill. 61, 42 N. E. 383; *Keator* v. *Ferguson,* 20 S. D. 473, 129 Am. St. Rep. 947, 107 N. W. 678; *Whiting* v. *Doughton, supra; Douglas* v. *Hanbury, supra; Boone* v. *Templeman, supra.*

Appellants contend, however, that granting the extension to September 5, 1921, had the effect of such a notice, but there is nothing in the language pleading this extension justifying such a conclusion. Without force as a contract, its only effect was to indulge appellees further as to the time of payment of the installments then due or to become due by that time. It could not be construed to mean more than that appellants would then insist that these payments be met. There is nothing in the language used from which it can be even inferred that appellees would be required after that time to meet the installments

as they fell due. It is true the payments should have been met promptly, but the essence clause having once been waived, its reinstatement should clearly appear before appellees are chargeable with having forfeited the $7,000 expended by them on the property in principal, interest, and permanent improvements, and this fact cannot be ascertained from the pleadings of appellants.

The complaint itself, which alleges the dates the payments were made without also pleading facts showing that the making and acceptance of so many of them after they were due did not constitute conduct amounting to a waiver, would not withstand an attack based upon the ground that it does not state facts showing a forfeiture. Hence, the answer admitting the payments as alleged and merely pleading in addition facts strengthening the claim of waiver is not subject to the charge that it does not state a defense.

It follows necessarily that the order overruling the demurrers was proper, and that the judgment should be affirmed.

It is so ordered.

ROSS, C. J., and FLANIGAN, J., concur.