[No. 2887. Decided June 13, 1898.]

J. Q. ADAMS *et al.*, *Appellants*, v. E. AMES, *Respondent*.

SALES — FAILURE TO EXECUTE CONTRACT — PREVENTION BY ACT OF
GOD.

In an action to recover the value of a quantity of oats which
the owner had agreed, by executory contract, to sell plaintiff, the
oats to be removed within a specified time, " wind, tide and other
acts of God permitting," the plaintiff should be non-suited when
it appears from the testimony that the plaintiff was prevented
on but one occasion from removing the oats by the act of God,
and there is no showing that the act of God intervened to pre-
vent removal during the whole time of the life of the contract.

Appeal from Superior Court, Skagit County.—Hon.
J. P. HOUSER, Judge. Affirmed.

*Hastings & Stedman*, for appellants.
*Sinclair & Smith*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—On September 24, 1896, the following contract was entered into between the appellants and the respondent:

"I have this day sold to J. Q. Adams & Co. 60 or 70 tons of good merchantable white oats (like sample) for $12 per ton, delivered to such steamboat, scow or other common carrier, which shall be sent by J. Q. Adams & Co. to warehouse located on Joe Lawry's Slough. J. Q. Adams & Co. agrees to remove said 60 or 70 tons of oats within 15 days from date, wind, tide and other acts of God permitting. I hereby accept as part payment on above contract..........dollars, and do hereby certify that I am the sole owner of said 60 or 70 tons of oats, and that there are no prior liens or incumbrances upon said oats.

Dated at La Conner, Wash., September 24, 1896.

                                        E. Ames."

Across face is written,

"Accepted, J. Q. Adams & Co., E. Cardin, Manager."

An advance was offered, but refused. On the 3d of October a boat was sent for the oats and it was found impossible to get to defendant's barn. On October 5 another futile attempt was made to reach defendant's barn. On the 9th, the day on which the contract expired, the appellants' agent went to the respondent's house and asked him to extend the time, which respondent refused to do. On the 12th of October the appellants sent a boat and demanded the oats of the respondent, who refused to deliver them. Oats in the meanwhile were advancing in price. Suit was then brought for the value of the oats. On the termination of the appellants' evidence the court held that there was an utter failure of proof, and a nonsuit was granted.

As we view the testimony in this case it is not necessary to discuss the first and second errors assigned by the appellants. We think the motion for a nonsuit was properly

granted.   Waiving the first contention of the respondent that the contract was void for want of mutuality and that the document therefore did not constitute a good contract, we are satisfied that the contract was an executory one and the appellants' right to recover was subject to the performance of certain conditions precedent, viz., the payment for, and the removal of, the oats within fifteen days from the date of the contract.   The act of God was appellants' only defense for not complying with the contract.   It may be possible that on one occasion when the boat was started for the slough it was the act of God that prevented it by increasing the winds;   on the other occasion it was an aggregation of logs in the slough which prevented the boat from reaching the barn.   But it does not appear from the testimony, although it is asserted in the brief, that on any other occasion during the fifteen days it was impossible for a boat to traverse the slough.   Neither did it appear from the testimony that any boat but the particular boat sent could not have reached defendant's barn.   Neither does it appear from the testimony that the oats could not have been removed by wagon or some other conveyance.   It may be a fact that the respondent's farm was so situated that the oats could only be removed by boat, but no such testimony appears in the record.   The court has no knowledge of the topography of that country, and, if it had, could not take judicial notice of it.   We think there was an absolute failure of proof and that the nonsuit was properly granted.   The judgment will therefore be affirmed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.