[No. 4131.   Decided October 1, 1902.]

W. W. ROBINSON, *Appellant,* v. A. THOMA, *Respondent.*

SALES — EXECUTORY AGREEMENT.

Payment of purchase money to bind a bargain of sale constitutes merely an executory contract, which does not ripen into a valid sale until the payment of the balance on or before the time stipulated in the contract.

SAME — ACTION TO RECOVER GOODS — ABSENCE OF DEMAND AND TENDER.

A directed verdict in defendant's favor was warranted in an action to recover a quantity of hay under a contract which recited: "Received from W. W. Robinson ten dollars, on acct. of 100 tons hay, more or less, at $5.50. Hay to be moved by the last of July," where the evidence showed that the price was not tendered nor demand for the hay made until a week later than the stipulated time.

TENDER OF PRICE — DEPOSIT OF MONEY IN BANK.

The deposit of a sum of money in bank to the credit of the adverse party, and notifying him thereof, does not constitute a sufficient tender in law.

Appeal from Superior Court, Skagit County.—Hon. GEORGE A. JOINER, Judge.   Affirmed.

*Shrauger & Barker,* for appellant.

*Henry McLean,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by appellant against respondent to recover a quantity of hay, or the value thereof. It is alleged that on the 20th of June, 1900, appellant purchased of respondent a quantity of hay, estimated by both of them to be 100 tons, and that the agreed price was $5.50 per ton; that, in pursuance of the agreement then made, appellant paid respondent the sum of $10, and respondent signed and delivered to appellant a writing, of which the following is a copy:

9-30 WASH.

"Received from W. W. Robinson ($10) ten dollars, on acct. of 100 tons hay, more or less, at $5.50. Hay to be moved by the last of July. I agree to haul said hay to steamboat landing."

It is further alleged that respondent afterwards withheld possession of the hay, and refused to deliver it, or permit appellant to take it away; that appellant tendered to respondent the sum of $540, being the balance due, which sum was placed by appellant in the First National Bank of Mount Vernon, Washington, to the credit of the respondent, of which respondent was duly notified; and that said amount has at all times been, and is now, subject to the order of respondent. The answer admits that appellant agreed to purchase the hay, but avers that he failed to carry out the terms of his agreement, and that the sale was never completed. It is admitted that respondent executed the writing set out in the complaint, and averred that appellant accepted it as the contract between them. It is admitted that a steamboat came to the landing, and that an attempt was made to load hay thereon, which respondent had stored in the warehouse of the landing, and that respondent refused to permit its removal; but it is averred that this occurred about the 7th or 8th of August, and not on or prior to the last of July. It is denied that respondent took the hay from the possession of the appellant, and is averred that respondent was at all times in possession thereof up to the time of the bringing of this suit. It is denied that any tender of any sum was ever made upon the purchase price of the hay. A trial was had before a jury, and at the conclusion of appellant's testimony respondent moved that the jury be instructed to return a verdict for respondent. The motion was granted, and the jury returned a verdict that respondent is entitled to the possession of the property, and assessed the value thereof at

$550. Thereafter judgment was entered accordingly, and from said judgment this appeal is prosecuted.

There are several formal assignments of error, but appellant, in his brief, states that the whole controversy in the case centers in the interpretation that shall be given to the writing heretofore mentioned as having been signed by respondent and delivered to appellant. We will, therefore, confine ourselves to a discussion of that subject. It is suggested by appellant that in taking the cause from the jury and instructing a verdict for respondent, the court evidently considered the aforesaid writing as an executory contract, under which appellant was to purchase the hay, the purchase to be made before the last of July; and that the trial court further viewed the case as falling within this court's ruling in *Adams v. Ames,* 19 Wash. 425 (53 Pac. 546). It is urged that the decision in the aforesaid case is not in point here, and that the contract in the case at bar was that of an absolute sale, and was not an executory agreement. It is admitted that this court construed the contract set out in the former case to be an executory one, but it is insisted that such construction cannot be placed upon the language of the writing in the case at bar. The contract in *Adams v. Ames, supra,* was for the sale of a quantity of oats at a stated price, to be delivered to such steamboat, scow, or other common carrier as should be sent by the purchaser to a named warehouse, the purchaser agreeing to remove the oats within fifteen days. The paper was signed by the vendor, and delivered to the vendee, as was done in this case. After the expiration of fifteen days, a boat was sent, and delivery of the oats demanded, which was refused. The language of the contract in that case included the following:

"I have this day sold to J. Q. Adams & Co. 60 or 70 tons of good merchantable white oats   .   .   ."

Thus, the vendor stated that he had actually *sold* the oats, but this court said:

" . . . we are satisfied that the contract was an executory one and the appellants' right to recover was subject to the performance of certain conditions precedent, viz., the payment for, and the removal of, the oats within fifteen days from the date of the contract."

In the case at bar the language of the writing does not seem to be as strong as in the former case. Respondent does not say he has *sold* the hay, but acknowledges receipt of $10 "on acct. of 100 tons hay, more or less, at $5.50." However, the evident intention of each contract was the same, viz., an agreement to sell certain property, which should be removed within a given time, and payment likewise made. There is in this case the additional element of an agreement on respondent's part to haul the hay to the steamboat landing. But the evidence does not show any demand for the hay to be so delivered, accompanied by tender of payment prior to the last of July, the time fixed by the contract. There was never any actual tender. Appellant says he deposited the amount in a bank at Mount Vernon to the credit of respondent, but it cannot be urged that that was a tender in law. Even the deposit was not made until in the early days of August, after the demand was made for the delivery of the hay, and all of which was later than the last of July, as provided in the contract. We see no essential difference in principle under the facts of this case between it and *Adams v. Ames, supra*. In that case a motion for nonsuit was granted, and the judgment was affirmed. That decision was based upon elementary principles. Certain conditions precedent remained to be performed before right of possession accrued. It was necessary that the price be paid and the goods removed within a given time. There does not appear to have been

any earnest money paid in that case as in this; at least, no amount is disclosed, the blank being left unfilled. That difference, however, is immaterial. This principle is stated in an elementary way as follows by a distinguished text writer:

"The vendee cannot take the goods, notwithstanding earnest be given, without payment. Earnest is only one mode of binding the bargain, and giving to the buyer a right to the goods upon payment; and if he does not come in a reasonable time after request, and pay for and take the goods, the contract is dissolved, and the vendor is at liberty to sell the goods to another person. If anything remains to be done, as between the seller and the buyer, before the goods are to be delivered, a present right of property does not attach in the buyer." 2 Kents' Commentaries (14th ed.), p. *495.

Thus the right of possession did not accrue to appellant here. He did not pay or tender payment within the time he was to remove the hay by the contract. He made no demand and caused no boat or other means of conveyance to call at the landing for the hay within the time, and made no demand that the balance of it be placed upon the landing. Until these conditions precedent were performed, appellant was not entitled to possession, and, in the absence of their performance, respondent had the right to stand upon the time provision in the contract, and refuse to deliver possession. We therefore think, under the facts as shown by appellant's testimony, that there was no question for the consideration of the jury, and that the action of the court was right.

The judgment is affirmed.

REAVIS, C.J., and DUNBAR, MOUNT, FULLERTON, ANDERS and WHITE, JJ., concur.