[No. 4492. Decided March 19, 1903.]

BARNET M. WHITING *et ux., Appellants,* v. C. H. DOUGH-
TON *et ux., Respondents.*

VENDOR AND PURCHASER — RIGHT OF FORFEITURE — WAIVER BY PAROL.
The time of performance of a written contract for the sale
of land, although of the essence thereof, may be waived by sub-
sequent oral agreement.

SAME—ESTOPPEL.
Where the purchaser of land has been led to believe from
the conduct of the vendor that a right given under the contract
to declare a forfeiture has been waived, the vendor will be
estopped from enforcing forfeiture.

SAME—DEFAULT IN INSTALLMENTS—RIGHTS OF PURCHASER.
After waiver of the vendor's right of forfeiture, by reason of
failure in payments the purchaser would not be in default until
after demand upon him for payment of the installments due
and the lapse of a reasonable time in which to meet the demand.

SAME—CONTRACT BY HUSBAND ALONE—RATIFICATION BY WIFE.
A wife who joins with her husband in an action for the can-
cellation of a contract for the sale of land and for a forfeiture
of payments made thereunder, thereby ratifies the contract,
though made by the husband alone for land in which each owns
an undivided half interest as separate property.

APPEAL—RESPONDENT NOT ENTITLED TO REVERSAL.
Although the record on appeal from a judgment dismissing
an action may show that defendants were entitled to affirmative
relief, the judgment will be allowed to stand unreversed, where
the defendants have not appealed.

Appeal from Superior Court, Spokane County.—Hon.
GEORGE W. BELT, Judge. Affirmed.

*Merritt & Merritt,* for appellants.

*J. W. Marshall,* for respondents. .

The opinion of the court was delivered by

HADLEY, J.—The appellants are husband and wife. On the 24th day of April, 1900, appellant Barnet M. Whiting executed a written contract for the sale of certain real estate in the city of Spokane, to respondent C. H. Doughton. The latter joined in the execution of the contract for himself and also acting in behalf of his co-respondent, Sarah E. Doughton, who is his wife, although she was not named in the contract and did not sign it. Appellant Barnet M. Whiting was the owner of an undivided half only of the real estate, the same being his separate property. His wife and co-appellant, Matilda Whiting, was the separate owner of the other undivided half. Appellant Matilda Whiting did not join in the execution of the written contract, which, by its terms, purported to be an agreement to sell and convey the entire title. By the terms of the contract respondents were to pay $275 for the property. One hundred dollars of said sum was paid at the time the contract was made, and the remaining $175 was to be paid as follows: $10 on the 25th day of May, 1900, and $10 on the 25th day of each succeeding month until the amount was fully paid, together with interest thereon at the rate of eight per cent. per annum from date until paid. Time was made of the essence of the agreement, and it was also provided that, in the event of default on the part of respondents in any of the conditions, they should forfeit the payments already made. In addition to the aforesaid $100 payment, the amounts due on the 25th days of May and June, 1900, respectively, were paid, and thereafter no more payments were made until the 13th day of the following September, when the sum of $100 was paid. The last-named payment covered the delinquent install-

ments and all amounts to mature until the 25th day of
May, 1901, and appellant Barnet M. Whiting gave a re-
ceipt in writing therefor.   At the time the contract was
made, respondents were placed in possession of the prop-
erty, and they thereafter erected a house thereon, which
has since been occupied by them.   Such possession, erec-
tion of improvements, and occupancy were with the knowl-
edge, consent, and acquiescence of appellant Barnet M.
Whiting, and during all the time appellant Matilda Whit-
ing had actual knowledge thereof.   No payment was made
after the one of September 13, 1900, and according to the
terms of the written contract another was due May 25,
1901.   No demand was made for payment, and on Au-
gust 10, 1901, appellant Barnet M. Whiting notified re-
spondents that they were in default, that the contract was
canceled, and that he would receive no more payments.
Thereafter, on January 1, 1902, this suit was brought by
appellants, whereby they seek the cancellation of said con-
tract, and forfeiture to them of all payments made, and
judgment for possession and quieting title in them.   Re-
spondents, in their answer, aver that appellant Barnet M.
Whiting represented himself to be the owner of the land,
and that they relied thereon in all that they did; that
appellants allowed the installments for July and August,
1900, to pass uncollected when due, and thereafter accepted
the same, and eight months' additional installments in
advance; that at the time the last-named payment was
made said Barnet M. Whiting agreed with respondents
that they could make the payments of the balance of the
purchase price whenever convenient, and that no advantage
would be taken of the forfeiture clause in the contract; and
that appellants then waived and abandoned the said for-
feiture clause by virtue of their said agreement.   It is

alleged that appellants conspired to cheat and defraud respondents by their course of conduct. Respondents brought into court with their answer the sum of $67.80, and tendered it as the full balance due under the contract. They pray judgment that their rights have not been forfeited, that they are entitled to the possession of the land, and to a deed therefor. A trial was had before the court without a jury, and resulted in a judgment dismissing the action, and awarding costs to the respondents. From said judgment the plaintiffs have appealed.

There is no statement of facts in the record, and much of what we have stated above has been gathered from the court's findings, and must be treated as conclusive facts in the case. The court further found that appellant Barnet M. Whiting and respondent C. H. Doughton had a conversation regarding further payments, in which said Whiting told said Doughton that the remaining payments could be made at any time when convenient, and that no advantage would be taken of respondents in the matter of payments. This conversation the court finds was at a time prior to any default under the contract and that respondents relied upon it. It is further found that because of appellants' conduct respondents were led to believe that no advantage would be taken of the forfeiture clause, and because of that fact, and relying thereon, respondents did not make their payments for the amounts maturing after May 25, 1901, to which date the last $100 payment had covered all installments. The court concluded as matter of law that appellants, by their conduct in dealing with respondents and accepting payments, waived the forfeiture clause, and that by reason thereof they could not put respondents in default without having first demanded payment of the money remaining unpaid,

and giving respondents a reasonable time thereafter in which to perform. Error is assigned upon this conclusion of law. It is insisted that an extension of the time of payment or any change in the conditions of the contract must have been in writing, and that there must have been a consideration. It will not be urged that when appellant accepted payment of the two months' installments already past due they did not thereby waive the forfeiture clause as to those payments at least. Furthermore, when that waiver was made the payment of eight months' additional installments in advance at the same time may well have been regarded as a consideration for waiving past as well as future delay in payments. Moreover, a written receipt was given at the time that payment was made. Just what it contained does not appear. But sufficient does appear to show that it must stand as written evidence of at least a partial waiver of the forfeiture provision of the contract. It is true, a written agreement may not be varied by contemporaneous oral agreements alleged to have been made at the same time. This principle is based upon the theory that the parties are supposed to have included in the writing their full agreement as made at the time the writing was drawn and signed. But this does not preclude a modification thereof orally made at a subsequent time, when the parties may, by new agreement, mutually assent to such modification.

"The time performance of a written contract may be waived as well as extended by parol. 1 Beach, Modern Law of Contracts, § 781.

Fraud and conspiracy are alleged by respondents, and, while the court does not use that term in the conclusion, yet it does find certain facts, and from them concludes

that appellants' course of dealing was such that they should now be estopped to assert a forfeiture. Considering the facts as found, and in the absence of evidence, we shall not undertake to say that the conclusion is incorrect.

"We have recently, in the case of *Insurance Company v. Norton* (*supra*, p. 234), shown that forfeitures are not favored in the law; and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so on which the party has relied and acted. Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract." *Insurance Co. v. Eggleston,* 96 U. S. 572, 577.

It is assigned that the court further erred in its conclusion that respondents were not in default when this action was commenced. We think this point is settled by the conclusion above discussed, wherein the court concluded that there was a waiver of the time and forfeiture provision of the contract, and that by reason thereof respondents could not be placed in default until after demand for payment and the lapse of reasonable time. No demand for such payment appears to have been made, but, upon the contrary, respondents were informed that the contract was canceled, and that no more payments would be received. After waiver of forfeiture, the right of the vendee to acquire title by payment of the residue of the price continues until after demand for such payment by the vendor and a refusal of the vendee. 1 Beach, Modern

Law of Contracts, § 140. The conclusion that they were not in default was, therefore, not erroneous.

Error is assigned upon the courts' conclusion that respondents are entitled to judgment of dismissal. It is contended that, since appellant Matilda Whiting was a separate owner of an undivided half of the property, and not a party to the contract, and since her co-appellant undertook to sell something he did not own, respondents cannot, for that reason, enforce their contract. The reasoning concludes, that, since respondents have not an enforcible contract, appellants are entitled to recover, and that it was error to dismiss their action. The court, however, found that Matilda Whiting, by bringing this action, has claimed and is claiming the benefit of said contract; that she is claiming the benefit of the forfeiture clause therein, and has thereby accepted the contract and ratified the same. We think it must be so held. She knew the money paid was upon the faith of securing the whole title, her own as well as her husband's, and when she sought by this suit to declare a forfeiture of that money, a part of which was to apply upon payment for her own title, she thereby sought to become a beneficiary of the funds, and must be held to have accepted and ratified the contract from its inception.

Both parties have asked affirmative relief in their pleadings, and both complain that the court did not give it. Respondents, however, did not appeal, and are, therefore, not in position to complain. It is our view that under the record as it is before us, if respondents kept their tender good they were entitled to the relief they asked; that is to say, to a decree requiring both appellants to convey to them and quieting their title. The record shows that respondents withdrew the amount of their tender from the

clerk's office on the 18th day of April, 1902. The findings of the court were not entered until June 12. Meantime, as we understand from a brief supplemental record filed here, the tender was returned to the clerk's office April 29, 1902. Judgment was not entered until June 24. The supplemental record also shows that the tender was withdrawn the day after judgment was entered. It thus appears that there was a tender in court at the time both the findings and judgment were entered, and we think, under respondents' affirmative answer, they were entitled to a decree as above indicated. But since they again withdrew their tender, and have not appealed, we will not reverse the judgment in their behalf. It is therefore affirmed.

DUNBAR, MOUNT and ANDERS, JJ., concur. FULLERTON, C. J., not sitting.