[No. 11099.    Department Two.    July 24, 1913.]

L. SHORETT, *as Administrator etc., Respondent,* v. KRIST
KNUDSEN *et al., Appellants.*[1]

VENDOR AND PURCHASER—CONTRACT—FORFEITURE—WAIVER. The receipt by the vendor of all installments except the last one, some time after they became overdue, waives a provision making time of the essence of the contract.

SPECIFIC PERFORMANCE—DEFENSES—ASSIGNMENT. An assignment by the vendee of a land contract to secure or in payment of a physician's bill, does not defeat specific performance on behalf of the personal representatives of the deceased vendee, where the physician claimed nothing under the assignment but filed his bill with the administrator and took judgment for the amount due him.

WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED. In an action for specific performance, brought by the administrator of the vendee's estate, the defendant cannot testify that he informed the decedent that the contract was forfeited, in view of Rem. & Bal. Code, § 1211, excluding the testimony of a party as to transactions with the deceased.

VENDOR AND PURCHASER—CONTRACTS — FORFEITURE — WAIVER—DEMAND. After waiver of a provision that time was of the essence of a

[1]Reported in 133 Pac. 1029.

contract upon which all payments had been made except the last one, the vendor cannot declare a forfeiture until after demand and the lapse of a reasonable time.

SPECIFIC PERFORMANCE—DEFENSES—LACHES. Specific performance of a contract for the sale of land is not barred by laches, through mere lapse of time, where the vendee·was in possession and paid taxes up to the time of his death.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered October 22, 1912, upon findings in favor of the plaintiff, in an action for specific performance: Affirmed.

*Henry Gulliksen* and *Martin J. Lund,* for appellants.

*Shorett, McLaren & Shorett* and *F. A. Gilman,* for respondent.

MORRIS, J.—Respondent brought this action to enforce the specific performance of a contract to purchase real estate in which the decedent is named as vendee. The contract was dated August 23, 1904. The price of the land was $600, $100 of which was paid in cash upon the execution of the contract, and the balance was to be paid in annual installments of $100 each, with interest on deferred payments at seven per cent. These payments were not made as provided by the contract, but at the time of his death in January, 1912, the vendee had made all of the payments except the last. The deferred payments were made as follows: August 23, 1905, $105; March 3, 1907, $78; May 18, 1907, $85; August 31, 1907, $119; November 23, 1907, $103.75. No objection seems to have been made to this method of payment, and while the contract provided that time should be of the essence, it is evident that the vendor waived this feature of it and accepted payments when convenient to the vendee.

Specific performance was resisted upon several grounds, it being pleaded that the vendee had assigned his interest in the contract to a third person; that the vendee had forfeited the contract; and that the action should be defeated because of

laches.   The court ruled against each of these defenses, and
granted judgment awarding specific performance, and the
defendant appealed.

The chief assignments of error are addressed to the in-
sufficiency of the evidence to sustain the decree, which was
raised by appellant in various ways, and errors in the rejec-
tion of testimony.   It is first suggested that the vendee had
assigned his interest in the contract.   Vendee had met with
an accident about two years prior to his death, and just be-
fore his death he made out an assignment of his contract to
the physician who had attended him and to whom he was
largely indebted for medical attention.   This physician was
made a party defendant to this action but made no appear-
ance and permitted default to be taken against him, thus bar-
ring any interest he might claim by virtue of his assignment.
It is stated, however, in argument that this physician, as a
matter of fact, claimed nothing under this assignment, but
had filed his bill with the administrator for services rendered
deceased.   The judgment having wiped out any interest
covered by the assignment, no more attention need be paid to
that feature of the case.

It is next claimed that the vendee had forfeited the con-
tract sometime in September, 1909.   Appellant complains
that the court erred in rejecting the evidence offered to sus-
tain this plea; but as the evidence sought to be introduced
consisted of personal transactions with the deceased, its re-
jection was proper.   Rem. & Bal. Code, § 1211 (P. C. 81
§ 1027).   We think if appellant had been permitted to testify
that he informed the decedent that the contract was forfeited,
the facts shown would rule the case against him.   He at-
tempted to show that, some two years after the last payment
was due, he demanded payment from the decedent and at the
same time declared it forfeited.   This he could not do not-
withstanding time was of the essence of the contract.   The
vendor, by extending the time of the payment and by indul-
gence to the vendee in this regard, had waived this feature of

the contract; and having done so, he could not thereafter declare a forfeiture until after a demand for payment and the lapse of a reasonable time. *Thomas v. McCue*, 19 Wash. 287, 53 Pac. 161; *Whiting v. Doughton*, 31 Wash. 327, 71 Pac. 1026; *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096; *Walker v. McMurchie*, 61 Wash. 489, 112 Pac. 500. It also appears that the vendee had remained in possession of the land up to his death in 1912, over two years subsequent to the claim of forfeiture, and had paid the taxes on the land. If the vendor had forfeited the contract and had regarded the land as his own subsequent to September, 1909, it would seem that he would have taken some steps to assert his right of possession; or at least, as an evidence of his claim of ownership, paid the taxes. But he did neither of these things, although he did pay the 1911 taxes after the commencement of this action. It therefore seems to us the lower court was abundantly justified in holding against a forfeiture. Appellant maintains that it is the law that a party in default cannot enforce his contract. Ordinarily this is true, but such a rule applies only where the party in default is seeking to enforce the contract and asserts rights thereunder against one who is not, by laches, estoppel or waiver, barred from insisting upon a strict enforcement of the terms of the contract; and it is never applied where, as here, the facts show a waiver of the default. Neither do we think the right of action is barred by laches. Decedent was in possession of the premises up to the time of his death, and the fact that he had paid all taxes due up to that time evidences his possession under a claim of right. Under these circumstances, mere lapse of time will not defeat a recovery. *Mudgett v. Clay*, 5 Wash. 103, 31 Pac. 424.

Judgment affirmed.

MAIN, ELLIS, and FULLERTON, JJ., concur.