[No. 11273. Department Two. March 26, 1914.]

MRS. R. W. RODDA, *Respondent*, v. GEORGE W. NEEDHAM et al., *Appellants*.[1]

HUSBAND AND WIFE—ACTIONS OF WIFE—CAPACITY TO SUE. A wife, who while living apart from her husband, incurred indebtedness and made a contract resulting in a conveyance of community property, has capacity to sue to have the conveyance declared a mortgage, without joining her husband as a party plaintiff.

SAME—ACTIONS BY WIFE—NECESSARY PARTIES DEFENDANT. In an action by a wife to have a conveyance of community property declared a mortgage, the husband is a necessary party defendant.

PARTIES—DEFECT OF PARTIES DEFENDANT—REMEDIES—DISMISSAL—AMENDMENT. Want of a necessary party defendant, appearing on the face of the complaint, is not ground for dismissal, when the objection was first made at the close of plaintiff's evidence; but the party should be ordered brought in by amendment.

MORTGAGES—ACTION TO REDEEM—TENDER—NECESSITY. A tender is not a condition precedent to an action to have a deed declared a mortgage, where the grantee claimed to be the absolute owner of the land and refused to treat with the grantor on any other basis; especially since the court may require equity between the parties.

MORTGAGES—DEED AS MORTGAGE—REDEMPTION—VALUE. The right to redeem from a deed intended as a mortgage is not affected by the value of the property.

[1]Reported in 139 Pac. 628.

Appeal from an order of the superior court for Kitsap county, Yakey, J., entered January 11, 1913, granting a new trial, after dismissing an action for equitable relief, upon granting a nonsuit. Affirmed.

*Douglas, Lane & Douglas*, for appellants.

*H. M. Ramey, Jr.*, and *Henry Elliott, Jr.*, for respondent.

Fullerton, J.—This action was brought by the respondent against the appellants to have a deed to certain property declared to be a mortgage; the prayer of the complaint being for a reconveyance of the property on the payment of the debt which the deed was given to secure, if a reconveyance could be had free from encumbrance, or, in the alternative, for a judgment against the appellants to the amount of the value of the property. Issue was taken upon the complaint and a trial entered upon. At the conclusion of the respondent's case in chief, a motion for nonsuit was interposed, based on the grounds of insufficiency of the evidence and a defect of parties plaintiff. The court granted the motion, on the sole ground of want of sufficient parties, and entered a judgment dismissing the action, without prejudice. Subsequently, on motion of the respondent, and without any further showing, a new trial was granted. This appeal is from the last mentioned order.

From the record, it appears that, during the year 1907 and the early part of the year 1908, the respondent and her family of children lived in a house of the appellant Geo. W. Needham, as his tenant. Her husband is a mining engineer and was away from home during all of the time, and failed to contribute to her support. The respondent became necessitous because thereof, and Needham permitted her to remain in the house without the payment of rent and from time to time advanced her small sums of money. In 1908, the respondent removed to Portland, Oregon, and later requested

Needham to send her a statement of his account against her. The account was furnished, and showed an indebtedness of $200.35. The respondent shortly thereafter remitted on the account the sum of $50, and later, apparently despairing of being able to pay the balance in a reasonable time, solicited him to take a deed to a half section of land, situated in British Columbia, owned by herself and her husband. Needham consented to take the land, and a deed thereto was executed to him by the respondent and her husband. Needham afterwards deeded a one-half interest in the land to his coappellant.

The question in controversy between the parties is the purpose of the conveyance from the respondent and her husband to Geo. W. Needham. The respondent contends that the deed was a mortgage, made for the purpose of securing her debt to Needham, while Needham contends that the land was deeded in satisfaction of the debt. The respondent's evidence introduced at the trial tended to substantiate her contention, and was sufficient, in the opinion of the trial judge, to make a *prima facie* case in her favor. As the nonsuit was granted before the appellant was requested to introduce any evidence, his contentions appear only from his pleadings.

In this court, the appellants assign error on the ruling of the court granting a new trial. They argue that the respondent has no capacity to sue, that there is a defect of parties plaintiff, and that the evidence was insufficient to justify a recovery. As to the respondent's capacity to sue, we think there can be no question. She was not laboring under any disability other than that of coverture, and coverture in this state is not such a disability as always deprives a wife of the right to maintain an action. She may sue in all cases where her own interests are affected. Here, according to the record, she had such an interest. She not only incurred the debt which gave rise to the conveyance of the property in suit, but she made the contract under which the property was conveyed, and had an interest in such property. She has, there-

fore, capacity to maintain an action to protect her interests, whether her husband will join with her or not. If he refuses to join as plaintiff, she may make him a defendant.

We think, however, there was a defect of parties. If the deed by which the property was conveyed was intended as a mortgage, the respondent's husband has an interest in the property and is a necessary party to any action affecting it. This conclusion does not, however, require a reversal of the order granting the new trial. The objection of want of parties appeared on the face of the complaint, and the appellants, instead of objecting on this ground at the time they appeared in the action, answered to the merits, and raised the question for the first time when the respondent had concluded her evidence. The defect was amendable. *Davis v. Seattle,* 37 Wash. 223, 79 Pac. 784. In such a case, the court should not have entered a judgment of dismissal in the first instance, but should have ordered the omitted party to be brought in, and dismissed the action only in case the respondent failed or refused to comply with the order. *Harrington v. Miller,* 4 Wash. 808, 31 Pac. 325; *Hannegan v. Roth,* 12 Wash. 65, 40 Pac. 636. In granting the new trial, the court merely corrected its original error.

With reference to the contention of insufficiency of the evidence, stress is laid by the appellant because no tender was proven, and no value of the land shown. As to the tender, the evidence is that the respondent, both in writing and orally, requested the appellant to redeed the land to her, telling him she would pay the balance of the debt due with interest as well as all the expenses he had been put to on account of the land, and that he refused to treat with her on this basis, claiming that he was the absolute owner of the land. Under these circumstances, a tender would have been useless and vain, hence was unnecessary. Moreover, it can be questioned whether in this character of action a tender is necessary under any circumstances. The court has it within its power to do equity between the parties, and may in its judg-

ment require the payment of any obligation due as a condition precedent to a reconveyance of the property.

As to the question of the value of the property, is was incidentally shown that the property had a value in excess of the debt owing by the respondent to the appellant at the time of the delivery of the deed. But the question was not material in any event. If the deed was intended as security for a debt, the respondent is entitled to its reconveyance on the payment of the debt, regardless of its value.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.