[No. 12484. Department One. February 11, 1915.]

HENRY C. BOGER, *Respondent*, v. A. L. BELL *et al.*, *Appellants.*[1]

VENDOR AND PURCHASER—CONTRACTS—FORFEITURE—TENDER — SUFFICIENCY. The deposit of money to meet payments due on a land contract is not a sufficient tender, where no notice of the deposit was given and the deposit was not made to the credit of the adverse party.

SAME — CONTRACT — DEFAULT — FORFEITURE. After notice of forfeiture of a contract for the sale of land for default in payments, the vendee cannot reinstate the contract by a tender, or assert that tender was unnecessary because it appears that it would have been futile.

SAME—CONTRACT—FORFEITURE—WAIVER. The granting of one extension for a definite time for the payment of the first installment upon a contract for the sale of land does not waive the covenant that time is of the essence of the contract, or prevent a forfeiture after a fair opportunity was offered to meet the contract.

SPECIFIC PERFORMANCE — CONDITION PRECEDENT — TENDER OF PURCHASE PRICE. While a vendor cannot declare a forfeiture of an executory contract at a time when he is unable to convey title in conformity with his agreement, still if he does so, the vendee cannot sue in equity for a specific performance without paying or offering to pay the purchase price; and in the absence of proof of willingness and ability to pay the price, the action must be dismissed.

[1]Reported in 146 Pac. 179.

Appeal from a judgment of the superior court for Mason county, Claypool, J., entered May 1, 1914, in favor of the plaintiff, in an action for specific performance, tried to the court. Reversed.

*Troy & Sturdevant*, for appellants.

*R. A. Lathrop* and *D. F. Wright*, for respondent.

CHADWICK, J.—Appellants contracted to sell to respondent, at a future date, certain land situate in Mason county, in consideration of the sum of three thousand dollars, to be paid in the manner following: eight hundred dollars on the agreed date of sale and the balance in deferred payments extending over a term of years. The contract provided that the full purchase price could be paid at any time. The first payment was made. Respondent, being unable to meet the second payment when due, asked for and was granted an extension of time. At the expiration of the extended time, respondent asked for a further extension. After some discussion running over a period of six or seven weeks, appellant wrote respondent, saying:

"I have heard from my brother in regard to the land and he thinks as I do that it would not be just to give you an unlimited time to dispose of your interest. He regrets that you could not complete the contract but thinks it no fault of ours.

"I now have lot 10 of section 15, township 21 north of range 4 west, 24.75 acres, that lies at the northeast corner of the land you had, between the turn in the road and the river.

"If you would care to do so, I can make you a proposition for this land and make an allowance on what you paid on the other.

"The character of land is the same and as the Purdy Canyon road will be built this year there should be plenty of work there."

Immediately, or one day after receiving this letter, respondent caused enough money to be deposited in the bank at Shelton to meet all payments due and to become due under

the contract. It is alleged that appellant A. L. Bell was notified that the money was subject to his order and that he refused to accept it. This is denied, and there being no testimony whatever to sustain the allegation, we are compelled to hold that there was no tender or offer of performance on the part of respondent. It has been held that the deposit of money in a bank to the credit of an adverse party and notifying him thereof does not constitute a sufficient tender in law. *Robinson v. Thoma*, 30 Wash. 129, 70 Pac. 240. In this case, there is no proof of notice, nor does it appear that the money was deposited to the credit of the adverse party.

Respondent seeks to justify his demand for a decree by reference to the principle that proof of tender will not be required where it appears that it would have been futile. *Gould v. Knox*, 53 Wash. 248, 101 Pac. 886; *Weinberg v. Naher*, 51 Wash. 591, 99 Pac. 736, 22 L. R. A. (N. S.) 956; *Livieratos v. Commonwealth Security Co.*, 57 Wash. 376, 106 Pac. 1125; *Rodda v. Needham*, 78 Wash. 636, 139 Pac. 628; *Keene v. Zindorf*, 81 Wash. 152, 142 Pac. 484. The rule does not pertain where a forfeiture has been declared by the vendor acting within the terms and limit of the contract prior to the time of tender. A vendee in default cannot reinstate himself or his contract by a tender after the vendor has asserted his right of forfeiture.

Counsel contends that although these things may be so, yet, nevertheless, the decree of the court should be sustained, because appellants, by their course and conduct, have waived the contract and cannot now rest upon the covenant that time is of the essence of the contract, and that respondent was entitled to a reasonable time to pay the balance due upon the contract. *Shorett v. Knudsen*, 74 Wash. 448, 133 Pac. 1029, and *Douglas v. Hanbury*, 56 Wash. 63, 104 Pac. 110, 134 Am. St. 1096, are relied on. These cases are to be distinguished. In each of them it appeared that the vendor, by a course of indulgences inconsistent with the right to declare a forfeiture, had waived the privilege of declaring a forfeiture under the

"time" covenant of the contract. Here there was no extension or indulgence which can in any way be held to be inconsistent with the right. The only extension that was given was made at or about the due date of the first payment. It was for a definite time. When it and another payment became due and after a fair opportunity offered to meet the contract, and not until then, did appellants claim a forfeiture. Such conduct is not in derogation of the right to forfeit, but is consistent with it. There was no misleading on the part of appellants, nor was respondent lulled into a security of mind which, if broken, would result in inequity. It is upon this distinction that the case of *Sleeper v. Bragdon*, 45 Wash. 562, 88 Pac. 1036, rests.

To hold that an extension of a payment to a day certain relieves a contract of its penal clauses would tend to a denial of indulgences and to strict enforcement and forfeitures. It is only where it can be said that the conduct of the vendor is such as to indicate a purpose to waive the forfeiture clause that the right will be denied. We do not want to be understood as holding that such purpose must be proved by more than a bare preponderance of the evidence, for as equity does not favor forfeitures, so will slight evidence arrest the attention of the chancellor.

Finally, it is contended that the decree must be affirmed because it appeared upon the trial that appellants had not at that time title to the land, and were not at the time of the forfeiture in position to meet their covenant to convey "by deed of conveyance . . . with covenants of warranty." Appellants held the land under contract from the state of Washington, upon which payments had been made but no deed executed. The general rule that a vendor cannot declare a forfeiture under an executory agreement to convey land unless he is prepared to make a deed in conformity with his agreement, is well settled. Where title fails, a vendee can sue in damages, or he can waive the agreement to convey by a deed in form and take the title the vendor has at the time,

but he cannot do so unless he in turn keeps his own covenant to pay the purchase price. There is no evidence to warrant a finding that respondent ever at any time paid or offered to pay the amount due. He did not tender the amount due at the trial nor has he paid it into court for the use and account of appellants.

Decrees in equity should be final. They will not be granted in defiance of contracts or to modify their terms. When they will not aid or effectuate the contract sued upon and its outgrowing equities, they will be denied. When measured by these rules, the decree in the instant case cannot stand. It wants in equity. Appellants are bound to convey, but respondent may still decline to purchase. The mutuality of the contract is destroyed. The decretal words are,

"That the defendants execute a warranty deed to the premises described in the complaint, to wit: The southeast quarter of the northeast quarter and the northeast quarter of the southeast quarter of section 16, Township 21, North Range 4 West, W. M., and also that the plaintiff do have and recover of and from the defendants their costs and disbursements herein taxed at $54.50."

The rule invoked does not and cannot apply to an action for specific performance where the vendee is seeking to compel the execution of a deed. We may grant that a tender was waived, but it does not follow that a conveyance can be compelled in a court of equity until the purchase price has been paid, either by actual payment to the vendor, or constructively by payment into the registry of the court to satisfy a decree if rendered. If it were not so, a decree such as was entered in this case would not change the contract relations in any way except that compulsion would be put on the vendor, while the payment of the purchase price would remain optional with the vendee.

We cannot modify the decree to meet the proof for there is no testimony even tending to show that respondent is ready, able and willing to pay the purchase price. We are

compelled, therefore, to reverse the judgment of the lower court.

Reversed and remanded with instructions to dismiss.

MORRIS, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.