[No. 15960.    Department Two.    December 28, 1920.]

Veva M. McGuire, *Respondent*, v. George E. Morford
et al., *Appellants*.[1]

Vendor and Purchaser (48, 53, 54)—Forfeiture—Estoppel or Waiver—Necessity of Demand and Notice. ˙The vendor may not declare forfeiture of a contract for the sale of land for default in monthly payments, without demand and notice, where the vendee, according to agreement, had improved the property by building a house upon it, and all the monthly payments had been regularly accepted after they were some weeks overdue, especially when, upon insisting upon back payments due, there had been an understanding that immediate payment would not be required.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 5, 1920, upon findings in favor of the plaintiff, in an action for specific performance of a contract. Affirmed.

*Smith & Chester,* for appellants.

*Ogden & Clarke,* for respondent.

Mount, J.—This action was brought for specific performance of a contract of sale of real estate made to the plaintiff by the defendants, and for restitution of the premises, possession of which had been resumed by said defendants on an asserted forfeiture by them of the contract of sale. Upon issues joined, the case was tried to the court without a jury, and resulted in findings of fact and a judgment in favor of the plaintiff, requiring plaintiff, on or before the 5th day of April, 1920, to pay a certain sum upon the contract, and, upon the refusal of the defendants to accept said sum, that the same be paid into the registry of the court, and that plaintiff thereupon be put in possession of the premises by writ of restitution. The defendants have appealed from that judgment.

[1]Reported in 194 Pac. 783.

It appears from the record that on March 15, 1919, the appellants Morford and wife and Neff and wife entered into a contract of sale of the property in question to the respondent Veva M. McGuire. This contract was afterwards modified upon two occasions, the last contract being a substitute for the other contracts which had theretofore been made. The selling price of the real estate was fixed at $3,085. The contract acknowledges payment of $353 and provides for monthly payments of $35, with seven per cent accrued interest on the 15th of each month, the first payment to be made June 15; also $225 to be paid ninety days from date and $225 six months from date. The sellers agreed to furnish building material to the extent of $1,650. It was agreed that the respondent should build a dwelling house upon the property. The contract also required respondent to carry insurance on the building in favor of the sellers in the sum of $2,000. It makes time of the essence of the contract, and provides for forfeiture and the application of payments as liquidated damages, in case of forfeiture.

After the contract was entered into, the respondent caused to be constructed a dwelling upon the property, in which she had invested, besides the payments on the contract, the sum of about $2,700. None of the monthly payments, as required by the contract, were made at the time provided in the contract, except the first payment made April 15, 1919. Thereafter, payments were made as follows: May 23, $48.08; June 26, $50.92; July 22, $40.80; August 29, $50.57.

The respondent claims the property as her separate property. The payments were made by her husband. It appears that on October 15, 1919, after Mr. McGuire had been requested to make the payments then due, he went to the office of the appellants, and then informed

them that he and his wife were having trouble and
that a divorce action was pending, and that he would
make settlement of the amount due upon the contract,
when the divorce action was settled. The evidence on
behalf of the appellants was to the effect that, at that
time, they notified Mr. McGuire that unless the pay-
ments were made within three days, the contract would
be forfeited. Mr. McGuire testified upon this question;
that there was some statement made that unless the
payments were made the contract would be forfeited;
but no time for forfeiture was fixed; that he thereupon
talked the matter over with the appellants and it was
then agreed in substance that he might have more time
upon the payments. At that time the final contract had
not been delivered. It was thereupon delivered to Mr.
McGuire. On October 23, a notice was served upon
him that the contract had been forfeited. No notice
was served upon his wife until the following day, when
she received a letter to the effect that the contract had
been forfeited and that the appellants had taken pos-
session of the premises. On the same day that Mr.
McGuire was served with notice of forfeiture, he
caused to be tendered to the appellants $400, which
was more than sufficient to pay all that was then due
upon the contract. The appellants refused to accept
this payment and afterwards, in November, this ac-
tion was brought by respondent.

The trial court found, upon disputed testimony with
regard to the conversation had between Mr. McGuire
and the appellants on November 15, that there was no
notice of forfeiture of any character given prior to
October 23, when the written notice of forfeiture was
served upon respondent's husband. Appellants argue
that the weight of the evidence is to the effect that on
the 15th of October, when the interview took place be-

tween respondent's husband and the appellants at their office, three days' notice of forfeiture was given to the husband of the respondent. There is a direct conflict of testimony upon this point, and we are inclined to the opinion that if there was any statement made at that time to the effect that the respondent would be required to make payment within three days, or the contract forfeited, that the subsequent conversation was sufficient to lead the husband of the respondent to believe that no forfeiture would be made until further notice. The written contract had remained in possession of appellants until that time, when it was then delivered to respondent's husband. This circumstance tends to show that the contract was regarded as in full force.

Courts do not look with favor upon the forfeiture of contracts of this character, especially where the person purchasing the property has invested money in the property, has improved the same, and is able and willing to carry out the contract. In the case of *Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464, we said, quoting from *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 1026:

"The rule is firmly established in this state that, where time is made of the essence of a contract of sale, the vendor may declare a forfeiture of the contract for nonpayment of the purchase price or any installment thereof. . . . But the rule is equally well established that the right of forfeiture must be clearly and unequivocally proved, and that the right may be waived by extending the time for payment, or by indulgences granted to the purchaser."

We then said in that case:

"The appellants argue that, under the contract, 'the forfeiture is to be worked automatically after default.' Assuming, without deciding, that so long as

time of payment was of the essence of the contract, and so treated, the obligation on the one hand to pay promptly at the time specified was a condition precedent, independent of the obligation on the other hand to convey, so that, on failure of prompt payment, the appellants might have declared a forfeiture without notice or tender of a deed conveying complete title (*Jennings v. Dexter Horton & Co.*, 43 Wash. 301, 86 Pac. 576), still, after the provision that time was of the essence had been waived, it would seem clear that the obligation on the one hand to pay and the obligation on the other to convey, became mutual, concurrent and dependent. Neither party could thereafter put the other party in default or claim a forfeiture without first tendering performance on his own part, and this regardless of the forfeiture clause.''

So in this case, none of the partial payments due monthly had been made as required by the contract. They had been received from one to two weeks after they became due. The appellants were therefore not relying upon the strict letter of the contract, but were willing to receive payments after they were due.

During this time, it appears that the respondent was constructing a dwelling house upon the property. The dwelling was never entirely completed, but it was completed so that the respondent lived in it for a time. At the time of the conversation on the 15th or 16th of October, when the appellants were insisting upon payment, there was an understanding, at least, that an immediate payment would not be required. Thereafter, within a week, without any notice to the respondent that she would be required to pay, or the contract would be forfeited, appellants declared the contract forfeited and took possession of the property. Under these facts, we think it was the duty of the appellants, before they took possession of the property, to notify the respondent that unless the payments due were

made within a reasonable time, a forfeiture would be declared. *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 126. We are of the opinion that it would be unjust and unfair to declare a forfeiture without giving the respondent a reasonable time to make the payments then due. The trial court apparently took this view of the case, and required the respondent to make all payments due at a certain date, before she would be reinstated upon her contract.

We think the judgment was just and right and it is therefore affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.