[No. 16161.  Department One.  April 21, 1921.]

CHARLES V. WADHAM *et al., Appellants,* v.
E. A. McVICAR *et al., Respondents.*[1]

VENDOR AND PURCHASER (48, 52)—RESCISSION BY VENDOR—TIME FOR RESCISSION—WAIVER. Under a contract for the sale of land, making time of the essence of the contract, the seller could not enforce a forfeiture for a default until he had first given notice with reasonable time for performance by the purchaser, where he had waived the time provision by receiving previous installments without objection after the time provided in the contract.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered December 30, 1920, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*Oscar Cain,* for appellants.

*L. B. Donley,* for respondents.

BRIDGES, J.—The purpose of this action was to quiet the title to certain real estate in Stevens county, Washington. By answer the defendants sought to require the plaintiffs to perform a certain written contract concerning such lands. The court made findings, conclusions, judgment and decree in favor of the defendants. Plaintiffs have appealed. There is very little dispute in the facts, which are as follows:

The appellants, being the owners of the lands mentioned, entered into a written agreement with the re-

[1]Reported in 197 Pac. 616.

spondents, dated April 1, 1915, for the sale by the former to the latter of such lands. The agreed purchase price was $4,582, $200 of which were paid down in cash. The deferred payments were to be made as follows: On the first of September, 1915, $500 on the principal, and interest on the deferred payments; and on or before July 1 of each subsequent year a like amount of $500 on the principal and the accrued interest on the deferred payments, until the principal sum should be reduced to $2,500, at which time the defendants were to be permitted to give their note for such balance and secure the same by a mortgage upon the property sold, and at the same time receive a deed to the property from the appellants. At the time of the execution of the contract, the appellants executed a deed to the property, conveying the title to the respondents. This deed and a copy of the contract, were put in escrow with the Spokane & Eastern Trust Company, of Spokane, to which all payments were to be made. The respondents were to pay the 1915 and all subsequent taxes. The contract also provided that:

"It is further provided that time of payment is of the essence of this agreement, and in case second parties (respondents) do not make the payments hereunder at the time herein specified that the first parties (appellants) may go to said Spokane & Eastern Trust Company and withdraw said deed and this agreement, and thereupon all sums paid by second parties hereunder shall be forfeited unto first parties, and all rights hereby created to second parties, or either of them, shall cease and terminate."

On the due date in 1918, to wit July 1, the respondents mailed to the escrow holder their check drawn on a Seattle bank for the amount necessary to reduce the principal sum to $2,500, and at the same time sent to the escrow holder their promissory note and mort-

gage as provided in the agreement. This check did not reach the escrow holder until about the 4th of July. Its payment was refused by the Seattle bank through an error which it is not necessary to explain. On the 11th of July, the respondents, learning.for the first time that their check had not been honored by the bank upon which it was drawn, sent to the escrow holder the necessary amount of money by express. However, one or two days before this money was received by the escrow holder, the appellants, contending that the payments had not been made as provided by the agreement, withdrew the contract and the deed from the escrow holder and thereafter claimed a default and forfeiture of all sums theretofore paid. The respondents were not informed, however, that these papers had been withdrawn from the escrow holder until some days after the money had been sent to the trust company, nor did the appellants notify respondents that they. claimed a forfeiture until after the money had been received by the escrow holder.

The appellants have rested their case upon the fact that the respondents did not make the July, 1918, payment at the time provided for in the contract, and are insisting upon strict performance as to time of payment. It is our opinion that they are in no position to claim default. The testimony shows that all the payments provided by the contract were made by the respondents and received without objection by the appellants, on occasions running from several days to several weeks subsequent to the time provided in the contract for such payments. 'Parties have a right to agree that payments must and will be made at a designated time, and that, if not so made, the contract may be terminated and a forfeiture declared, and the courts will strictly enforce such agreements. But the parties,

having made such a contract, may by their conduct waive its strict performance, and where there is such a waiver neither party can put the other in default or claim a forfeiture without first having given notice of intention so to do, with a reasonable time within which such other party may perform. Forfeitures are not favored in the law, and courts will promptly seize upon any circumstances arising out of the contract or the actions or relations of the parties in order to avoid a forfeiture. Strict performance may be waived by receiving, without objection, payment after the time provided in the contract or by granting other indulgences. *Spedden v. Sykes,* 51 Wash. 267, 98 Pac. 752; *Whiting v. Doughton,* 31 Wash. 327, 71 Pac. 1026; *Douglas v. Hanbury,* 56 Wash. 63, 104 Pac. 1110, 134 Am. St. 1096; *Walker v. McMurchie,* 61 Wash. 489, 112 Pac. 500; *Opsjon v. Engebo,* 73 Wash. 324, 131 Pac. 1146; *Shorett v. Knudsen,* 74 Wash. 448, 133 Pac. 1029; *Gibson v. Rouse,* 81 Wash. 102, 142 Pac. 464; *McGuire v. Morford,* 113 Wash. 540, 194 Pac. 783.

Under this contract the appellants had received, without objection, the previous payments, all of which were made after the time provided in the contract. By such conduct they waived strict performance as to time of payments, and having waived it they could not claim a forfeiture until they had given respondents notice of their intention so to do and a reasonable time within which to make the overdue payment. The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.