[No. 18089.   Department Two.   February, 20, 1924.]

MOODY STATEN *et al., Appellants,* v. RAILWAY LAND
& IMPROVEMENT COMPANY, *Respondent.*[1]

VENDOR AND PURCHASER (44)—AGREEMENT TO RESCIND—RECOVERY
OF PURCHASE MONEY.   Where the first contract for the purchase of
land was abandoned and a new contract made, reciting that the
first contract was void because cancelled, there can be no recovery
for the purchase money paid or improvements made under the first
contract, upon a forfeiture of the second contract.

SAME (48, 53, 54)—FORFEITURE—ESTOPPEL OR WAIVER—NECESSITY
FOR NOTICE.   Where a letter notified a vendee of delinquency in pay-
ments on a contract calling for payment at designated times and
for strict performance, the vendor is justified in declaring a for-
feiture without notice, more than a year after the date of the letter,
although he had formerly accepted payments after they became
delinquent.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for
Spokane county, Oswald, J., entered January 13, 1923,
upon findings in favor of the defendant, dismissing an
action on contract, tried to the court.   Affirmed.

*L. H. Brown,* for appellants.
*Post, Russell & Higgins,* for respondent.

BRIDGES, J.—Suit to recover various payments made
under a contract for the sale of real estate and for the
value of improvements placed thereon.   Based on the
findings made by it, the trial court entered judgment
dismissing the action, and this appeal results.

In December, 1907, the respondent and one Gordon
and wife (the parents of appellant) entered into a
written contract whereby the former agreed to sell, and
the latter to purchase, a tract of land for $2,000.   A
small amount was paid down in cash and the balance
was to be paid in small regular monthly payments.

[1]Reported in 223 Pac. 330.

Between the date of the contract and October, 1913, the Gordons made various irregular payments, but in the aggregate less than the amount called for. They went into possession and placed on the land certain improvements. On the date last mentioned, a new contract was entered into between the respondent and the Gordons covering the same land but changing the amount of the monthly payments, and fixing the purchase price at $894.60. The Gordons made payments under this contract until December, 1914, when, with the consent of the respondent, they assigned the contract to the appellant Lulu Staten. She made various payments somewhat regularly, but not strictly in accordance with the terms of the contract, until July, 1915, after which she did not pay anything. It was during the last named month that she left the state of Washington and went to Honolulu, where she remained some three years. She left the property in question in charge of one Thomas, with the understanding that he would use the land and would make the monthly payments and that a settlement would thereafter be made between them. This arrangement, however, did not become known to the respondent. He did not make any payments. In October, 1916, (which was more than a year after the last payment had been made) the respondent terminated the contract and sold the land to Mr. Thomas and later, before the appellant returned from Honolulu, gave him a deed thereto.

The appellant by this action sought to recover all of the amounts that had been paid by her father and mother under the first contract, together with the value of the improvements they had put on the land, and also all of the payments made by them and herself under the second contract.

Under no circumstances can there be any recovery for any of the improvements placed on the land or for

any payments made under the first contract. The second contract, which was between the same parties who executed the first one, expressly provided that the first contract "is entirely void and of no effect because the same has been cancelled because of the fact that the payments thereunder have not been made according to the conditions therein." It necessarily follows that, when the second contract was made, the first became a thing of the past, and neither the appellant nor anyone else has a right to maintain any action on it or to recover any payments made under it. If appellant is entitled to recover anything in this action it can be only such sums as were paid under the terms of the second contract.

Appellant contends that, notwithstanding she was in default in making her payments under the second contract, still no forfeiture could be made by the respondent without first notifying her that a default would be claimed and giving her time to make good her default, because the provision of the contract requiring the payments to be made promptly at certain periods had been waived by the respondent's accepting payments which were not made promptly nor strictly in accordance with the terms of the contract.

In support of this contention appellant relies on the doctrine announced in *Wadham v. McVicar,* 115 Wash. 503, 197 Pac. 616, and cases there cited, to the effect that where, under a contract calling for payment at designated times and for strict performance, the vendor receives payments after the times provided therefor or grants other indulgences, he thereby waives the strict performance clause of his contract and cannot claim forfeiture until he has given the vendee notice of intention so to do and a reasonable time within which to make the overdue payments. It may

be qestionable whether that case and the others from this court there cited are applicable to such a contract as exists here. While this contract provided, as did the ones in the cases cited, that payments must be made promptly and strictly in accordance with its terms or a forfeiture could be declared, it also provided that "no extension of time of any payment herein provided for, and no failure on the part of the party of the first part (respondent) to take advantage of any forfeiture shall be a waiver of any of the rights of the said party of the first part to enforce future forfeitures."

However, we do not find it necessary to decide this question. If we assume that the doctrine of the cases cited is applicable to this contract, appellant will not be assisted. She made her last payment in July, 1915, and no forfeiture was made until more than a year thereafter. On September 2, 1915, (being two or three months after appellant went into default) the respondent wrote her at her address in Honolulu as follows: "Your payments on contract for purchase of land at Valley Ford are delinquent. There is now due—" payments for August and September—"You understand how important this amount be paid without further delay." Appellant testified that she did not receive this letter, but it was never returned to the respondent. It was more than a year after the date of this letter that the respondent declared a forfeiture and made another contract for the disposition of the property. This letter was sufficient notice to the appellant to bring the respondent within the doctrine of the *McVicar* case, *supra*.

It is very plain to us that the respondent has acted fairly with the appellant and that it was wholly within its rights when it annulled her contract and forfeited

the payments theretofore made. Having made no monthly payments whatsoever for considerably more than a year before the forfeiture was declared, and being out of the country during all such period, she stands in an exceedingly poor position to complain. When she returned to this state in 1918, she learned that her contract had been forfeited and a deed given to Mr. Thomas, yet she did not take any steps to enforce her rights until this suit was commenced, nearly three years thereafter.

We are satisfied the judgment is right and it is affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.
PEMBERTON, J., dissents.